**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| MELANIE DAVIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 18-cv-81004-RLR |
| ) | |
| POST UNIVERSITY, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT POST UNIVERSITY, INC.'S MOTION TO DISMISS

Defendant Post University Inc. (the "University"), pursuant to Fed. R. Civ. P. 12(b)(6), moves for dismissal of Plaintiff's Class Action Complaint ("Complaint") against it. Through her Complaint, Plaintiff is seeking to recover statutory damages of up to $1,500 per telephone call she or any of the putative class members received from the University, even if these calls were made in direct response to current or prospective student inquiries regarding enrolling at the University, and even if these calls were not preceded by a do-not-call request. Plaintiff believes she can retroactively convert such solicited communications into Telephone Consumer Protection Act violations solely because the University allegedly did not maintain an internal written policy concerning its do-not-call practices and provide it to Plaintiff on demand. Such a sweeping theory of liability based on an alleged procedural violation should be rejected as a matter of law at the outset of this case for at least the following two reasons:

*First*, Plaintiff and the putative class members she seeks to represent do not have standing to pursue claims for any telephone solicitations placed before making an express DNC request. No one could have suffered any concrete injury traceable to the alleged lack of a written DNC policy *unless and until* a DNC request was actually made, *and* the University failed to

honor it by placing a later telephone solicitation.

*Second*, the TCPA only provides a private right of action to seek recovery for *telephone solicitations* to which a call recipient has objected under Subsection (c).  The TCPA does not provide a private right of action to enforce the alleged failure to maintain a written DNC policy for *telemarketing* calls, let alone informational calls that are not subject to any DNC obligations.

Post University, Inc. respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint.

Dated: September 14, 2018                                  Respectfully submitted,

By: */s/ Mary Joanne Dowd*
Mary Joanne Dowd, # 368970
Adam Bowser, (pro hac vice pending)
Brandi G. Howard, (pro hac vice pending)
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20006-5344
(202) 857-6000 (telephone)
(202) 857-6395 (facsimile)
mary.dowd@arentfox.com
adam.bowser@arentfox.com
brandi.howard@arentfox.com

*Attorneys for Post University, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2018, the foregoing was filed electronically with the Clerk of Court to be served by Notice of Electronic Filing from the Court's electronic filing system upon the following:

Bradford R. Sohn
THE BRAD SOHN LAW FIRM PLLC
2600 South Douglas Rd., Suite 1007
Coral Gables, Florida 33134
Tel: (786) 708-9750
Fax: (305) 397-0650
brad@sohn.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737
Fax: (732) 709-5150
jmg@glapionlaw.com
*Attorneys for Plaintiff*

                                          /s/ *Mary Joanne Dowd*
                                            Mary Joanne Dowd