**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | | |
|---|---|---|
| MELANIE DAVIS, | ) | Case No. 18-cv-81004-RLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: Hon. Robin L. Rosenberg |
| | ) | Magistrate Judge: Hon. Bruce E. Reinhart |
| POST UNIVERSITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT POST UNIVERSITY, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO INVALIDATE OR STRIKE
<u>DEFENDANT'S OFFER OF JUDGMENT</u>**

## INTRODUCTION

In an effort to avoid costly and protracted litigation, Defendant Post University, Inc. (the "University") properly utilized Federal Rule of Civil Procedure 68 ("Rule 68") and served Plaintiff with an offer of judgment. Plaintiff contends, contrary to the plain language of the Federal Rules, that Rule 68 cannot apply in the class action context.

However, there is no bar to the use of a Rule 68 offer in a class action, including prior to class certification. Indeed, the very first sentence of the Rules states that "[t]hese rules govern the procedure in **all civil actions** and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1 (emphasis added). There is no exception for Rule 68's applicability to putative class actions in Rule 81 (or elsewhere). And tellingly, as detailed below, the Advisory Committee considered – **and rejected** – carving out Rule 68 offers from Rule 23 actions.

At bottom, Plaintiff's Motion is not ripe and seeks a premature advisory opinion that is precluded by the plain language of the Rules. Defendant therefore respectfully requests that this Court deny Plaintiff's Motion to Invalidate or Strike Defendant's Offer of Judgment.

## FACTUAL BACKGROUND

Plaintiff Melanie Davis, on behalf of herself and a class of similarly situated individuals, filed her class action complaint against the University alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Shortly thereafter, on September 26, 2018, the University submitted an offer of judgment (the "Offer") to Plaintiff pursuant to Federal Rule of Civil Procedure 68. The Offer was intended to resolve Plaintiff's individual claims against the University in this action and to avoid protracted and costly litigation with her.

1

**ARGUMENT**

I.    **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT REQUIRES THE COURT TO ISSUE AN ADVISORY OPINION**

Plaintiff's request is premature for two reasons. First, a court cannot strike an offer that is not on the record. Rule 68 itself bars filing an offer that has been rejected. *See* Fed. R. Civ. P. 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."). If there is no offer on the record, then there is no offer for the court to strike. Accordingly, because Plaintiff has rejected the University's Offer, the Offer should not be admitted on the record per Rule 68(b).

Second, the University has not taken any action as a result of Plaintiff's rejection, such as moving for costs, that would put the Offer onto the record. Plaintiff's rejection of the University's Offer does not prevent Plaintiff from pursuing her class action claims. Consequently, Plaintiff seeks an advisory opinion for a *potential* future action, and thus her motion is not ripe.

Indeed, Plaintiff fails to note that several Florida district courts refused to invalidate a Rule 68 offer when confronted with nearly the same situation as the one before this Court. For example, in *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, No. 8:15-CV-2380-T-33TGW, 2016 WL 1047159, at *1 (M.D. Fla. Mar. 16, 2016), plaintiff Leahy-Fernandez filed a class action complaint against defendant Bayview. Before the deadline for class certification, Bayview served Leahy-Fernandez with a Rule 68 offer of judgment, which Leahy-Fernandez rejected. *Id*. The offer was not filed with the Court, and as of the date of the Court's ruling, Bayview had not sought any relief with regard to the offer of judgment. *Id*. The Court in *Leahy-Fernandez* declined to strike Bayview's offer, holding:

2

> Leahy-Fernandez's Motion is also denied to the extent it requests this Court to strike an offer of judgment that is not a part of the record currently before the Court. Although an offer of judgment is not filed until it is accepted or a defendant seeks costs, Fed. R. Civ. P. 68(a)-(b), it nevertheless remains true that the Court simply has nothing to strike until the offer is filed on the record.

*Id.* at *2. Furthermore, the Court held that "Leahy-Fernandez's Motion is denied to the extent it requests this Court to declare the offer ineffective. Bayview has not yet moved for relief under Rule 68. Thus, determining the effectiveness of Bayview's offer of judgment would be advisory." *Id.* at *2; *see also Turner v. Food Corp., Inc.*, No. 08-61042-CIV, 2009 WL 10668616, at * 5 (S.D. Fla. Feb. 3, 2009) (denying motion to strike Rule 68 offer and ruling that there is "no precedential case law disallowing Rule 68 offers simply because they were made in a class action case").

Similarly, earlier this year, another Florida district court concluded the same. In *Northrup v. Independent Truckers Group, Inc.*, No. 8:17-CV-1890-T-36JSS, 2018 WL 1787506, at *2 (M.D. Fla. Apr. 12, 2018), the Court held that it had nothing to strike because the Rule 68 "Offer [wa]s not included in the record before the Court . . . . Also, because [the defendant had] not moved for relief under Rule 68, the Court's determination of the effectiveness of the Offer would constitute an improper advisory decision." *Id.* (ruling further that "the Rules of Civil Procedure do not exempt offers of judgment from class actions").

District courts around the country have used the same reasoning to deny motions like Plaintiff's. *See Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *4 (N.D. Cal. Aug. 19, 2014) (finding that plaintiff's motion to strike defendant's offer was procedurally improper because the judgment was not filed with the court, and the court became "aware of the existence of the Offer of Judgment only after Plaintiff moved to strike it. In the absence of a filing, there [wa]s nothing for the court to strike."); *White v. Ally Fin. Inc.*, No.

3

2:12-CV-00384, 2012 WL 2994302, at *3 (S.D. W.Va. July 20, 2012) (finding no "compelling reasons to strike a matter that is not a part of the record and indeed cannot properly be admitted to the record except in a proceeding to determine costs"); *Buechler v. Keyco, Inc.*, No. CIV. WDQ-09-2948, 2010 WL 1664226, at *3 (D. Md. Apr. 22, 2010) (concluding that because Rule 68(b) states that "evidence of an unaccepted offer is not admissible except in a proceeding to determine costs," plaintiff's unaccepted offer could not be filed with the court, and therefore there was nothing for the court to strike).

Accordingly, Plaintiff's Motion should be denied.

## II.     RULE 68 OFFERS ARE A VALID AND ACCEPTABLE LITIGATION TOOL

Even if the issues raised by Plaintiff were ripe, which they are not, Plaintiff's Motion should be denied because a Rule 68 offer is a legitimate and accepted litigation tool. Litigation is an extremely time-consuming, labor-intensive and expensive process. The law favors the settlement of disputes whenever possible. Federal Rule of Civil Procedure 68 was enacted "to encourage settlement and avoid litigation" by prompting the parties to "evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Id.* at 10.

Here, Plaintiff's entire contention with the Offer is based on the purported "conflict" that she allegedly faces *vis-à-vis* the putative class members who she seeks to represent. *See* Pl.'s Mem. at 10 ("Plaintiff *already and actually* has to consider the potential costs of filing motions that benefit the putative classes – such as the one here – with the correlated increase in costs that could be shifted."). As a threshold matter, however, Plaintiff has not established that she

4

personally will be liable for costs under Rule 68(d) if the judgment she obtains (if any) is not more favorable than the University's Offer.  That is, Plaintiff has not proven that she has an engagement agreement with her attorney in which *she* will bear *any* costs associated with litigation.  Without such evidence, there is no way for the Court or the University to ascertain the veracity of the entire basis of Plaintiff's Motion.

In fact, as is quite common, if she has a contingency agreement with her attorneys pursuant to which she will not be responsible for any out-of-pocket costs, but will instead only share in any upside, then *Plaintiff* faces no potential conflict that could result from the Offer.  That is, *her attorneys* would bear any costs resulting from rejecting the Offer.  If this is the case, Plaintiff's attorneys are essentially seeking to preemptively eliminate one of the major tools provided to defendants in the Federal Rules to constrain the plaintiff's side from advancing unsupported positions and needlessly multiplying the costs to the defendant.  Thus, Plaintiff's entire Motion is predicated on a completely unsupported factual premise.  The Court should therefore not validate what appears to be an attempt by Plaintiff's counsel to escape the potential consequences of their decisions in this case, including those they have yet to make.  This is the whole purpose of Rule 68.

But even assuming that Plaintiff has an agreement with her attorney in which she is to pay costs for this litigation, which Plaintiff should have, but did not, establish in her Motion, there is still nothing that bars the use of a Rule 68 offer in class action litigation.  In fact, the issue of excluding class action litigations from Rule 68 was considered and rejected by the drafters of the Rules, as noted by the court in *Leahy-Fernandez*: "Furthermore, the Advisory Committee was well aware of Rule 23, **but it chose not to exempt Rule 23, i.e., class actions, from Rule 68's purpose**. . . . [T]he Advisory Committee rejected a proposed amendment to

Rule 68 that would have exempted Rule 23 from Rule 68." *Leahy-Fernandez*, 2016 WL 1047159, at *1 (emphasis added); *see also Roundtree v. Bush Ross, P.A.*, No. 8:14-CV-00357-T27AEP, 2014 WL 12638851, at *2 (M.D. Fla. Apr. 24, 2014) ("Tellingly, the Advisory Committee to the Rules of Civil Procedure proposed a revision of Rule 68 in 1984 that would have expressly precluded offers of judgment in class actions for the reasons argued by Roundtree, but the proposal was rejected.").[1]

To be sure, Plaintiff cites a handful of non-binding district court cases in which a court held with cursory analysis that it had the authority to declare ineffective a defendant's Rule 68 offer of judgment. Pl.'s Mem. at 2–3. But it is a basic tenant of statutory construction that two rules should be harmonized and not read as creating a conflict. The two Eleventh Circuit district court cases Plaintiff relies upon[2] turn this rule of statutory construction on its head to create a conflict where none exists in order to find Rule 68 should yield to Rule 23 — even though such a result ignores the very first sentence of the very first Rule.

That is, Rule 1 unequivocally states that the rules that follow apply to **all civil actions**,

---

[1] *See also Northrup*, 2018 WL 1787506, at *2 ("[T]he Advisory Committee was well aware of Rule 23, but it chose not to exempt Rule 23, i.e., class actions, from Rule 68's purpose. To be sure, the Advisory Committee rejected a proposed amendment to Rule 68 that would have exempted Rule 23 from Rule 68.").

[2] *See Gilmore v. USCB Corp.*, 323 F.R.D. 433, 435 (M.D. Ga. 2017); *Sampaio v. People First Recoveries, LLC*, Case No. 07-22436, 2008 WL 509255 (S.D. Fla. Feb. 19, 2008). These decisions rush through the analysis without any consideration of Rule 1 and the drafters' conscious decision to have Rule 68 apply to putative class action cases. These decisions are not good law on this basis alone. Moreover, the court's decision in *Gilmore* that Rule 23(d) provides a court the authority to invalidate Rule 68 offers is not supported by the plain language of that rule. *Gilmore*, 323 F.R.D. at 435. Specifically, the court found that Rule 23(d) permits a court to "'issue orders' that 'impose conditions on the representative parties' and 'deal with similar procedural matters.'" *Id.* (citing Fed. R. Civ. P. 23(d)). Invalidating a *defendant's* Rule 68 offer is hardly imposing conditions on the *representative* party. Instead, it would *eliminate* potential consequences to the party, Plaintiff, who is *seeking* to be a representative party. Such an outcome is not supported by the text of Rule 23 at all.

6

unless specifically excepted. There is no exception to Rule 68's applicability to class actions, and Plaintiff's Motion should be denied on this independent basis.

### III. SERVING A RULE 68 OFFER IN CLASS ACTION CASES IS PERMISSIBLE

Plaintiff curiously cites to *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016), where the Supreme Court held that an unaccepted offer of judgment will not moot a Plaintiff's individual claims in a class action case. In *Campbell-Ewald*, defendants served a Rule 68 offer of judgment before the named plaintiff filed a motion for class certification in an action stemming from alleged TCPA violations. *Id.* at 667. The Court considered whether the plaintiff's rejection of the offer resulted in the federal courts losing subject matter jurisdiction over the case. *Id.* at 669–72. However, the Court provided no indication that it viewed the pre-certification Rule 68 offer itself as improper, *see id.* at 669–85, when that would have easily mooted the entire controversy before the Court. If the Court had found the offer itself impermissible, it would not have proceeded to address the issue of whether the action itself became moot.

Courts have interpreted this outcome as the Supreme Court's approval of a Rule 68 offer prior to class certification. *See, e.g.*, *Combe v. Goodman Frost, PLLC*, 217 F. Supp. 3d 986, 989 n.4 (E.D. Mich. 2016) ("As Defendants observe, the decision in *Campbell-Ewald* appears to implicitly reject the notion that a defendant is precluded from making a Rule 68 offer of judgment in a putative class action. *Campbell-Ewald* was brought as a class action, and the defendant in that case, like Defendants here, served a Rule 68 offer of judgment prior to the named plaintiff's filing of a motion for class certification.").

Other Circuit Courts of Appeal have considered a similar fact pattern to that in *Campbell-Ewald*, and like *Campbell-Ewald*, these courts have also declined to prohibit the use of a Rule 68

offer pre-certification when they could have easily disposed of the appeal on that basis. *See Weitzner v. Sanofi Pasteur, Inc.*, 819 F.3d 61 (3d Cir. 2016) (Third Circuit considered whether such rejection rendered the action moot, but did not touch upon the issue of whether serving the Rule 68 offer before certification was impermissible); *see also Bais Yaakov of Spring Valley v. Act, Inc.*, 798 F.3d 46 (1st Cir. 2015) (same).[3] Accordingly, after *Campbell-Ewald*, while Rule 68 offers cannot moot the named plaintiff's claims, such offers still remain a permissible litigation tool to encourage settlement, even in class action cases.

## IV. PLAINTIFF'S ALTERNATIVE REQUEST THAT THE COURT ALLOW PLAINTIFF TO ACCEPT OR REJECT THE UNIVERSITY'S OFFER WITHIN FOURTEEN DAYS OF A DECISION ON HER MOTION FOR CLASS CERTIFICATION IS NOT SUPPORTED BY RULE 68

Plaintiff argues that should the Court decide not to strike or invalidate the University's offer, the Court should, in the alternative, allow her fourteen days from any ruling on her Motion for Class Certification to decide whether to accept the Offer, with any cost-shifting accruing from that point if she rejects the offer. Pl's Mem. at 11. However, this is not supported by Rule 68. No Court, except one in New Mexico, has offered this kind of relief. And that is for good

---

[3] Even if this were an issue about whether the Offer mooted the case, which it is not, the University's Rule 68 Offer was not for the "maximum allowable relief" allowed for Plaintiff's claims, and thus would not moot her claims or deprive this Court of subject matter jurisdiction. *Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 6686328, at *6 (M.D. Fla. Nov. 26, 2014). Plaintiff alleges at least eight telephone calls at $1,500 per violation for willful violations, and she apparently (and mistakenly) believes she can recover for multiple violations per call. *See generally*, Compl. But even limiting her damages to a per call basis, that would equal $12,000 if Plaintiff could establish she is entitled to the maximum damages under the statute. Yet the University offered her less than that. Accordingly, the Offer would not moot this case as advanced by Plaintiff. Relatedly, Plaintiff makes the conclusory assertion that the Offer was not made by Defendant in good faith, citing to *Slovin v. Sunrun, Inc.*, in which the Court stated "[f]ederal courts apply Rule 68(d)'s cost-shifting provisions so long as the offer is made in 'good faith.'" No. 15-CV-5340 YGR, 2017 WL 2902902, at *1 (N.D. Cal. July 7, 2017). It is difficult to see how the University can be utilizing Rule 68 in bad faith if it offered Plaintiff less than *she* believes she is entitled to under her unsupported TCPA theories.

8

reason—because such relief is extraordinary and not supported by Rule 68, which mandates that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred *after the offer was made*." Fed. R. Civ. P. 68(d) (emphasis added).  Under the plain language of Rule 68, the costs cannot be deferred to some later date, but begin to accrue from the date the offer was made.

Plaintiff's alternative relief would require this Court to inject itself into the private settlement discussions of the parties and dictate the terms upon which Defendant settles in favor of Plaintiff; thereby, potentially forcing a settlement by court order as opposed to the parties reaching a meeting of the minds.  This is all the more extreme because the only reason such a settlement position is known by the Court is the Plaintiff's exposure of confidential settlement discussions and terms.  As explained above, Rule 68 offers are valid even before class certification, and thus the Court should deny Plaintiff's motion in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike or Invalidate Defendant's Offer of Judgment.

Dated: October 16, 2018                     Respectfully submitted,

By: */s/ Mary Joanne Dowd*
Mary Joanne Dowd, # 368970
Adam Bowser, (admitted *pro hac vice*)
Brandi G. Howard, (admitted *pro hac vice*)
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20006-5344
(202) 857-6000 (telephone)
(202) 857-6395 (facsimile)
mary.dowd@arentfox.com
adam.bowser@arentfox.com
brandi.howard@arentfox.com

*Attorneys for Post University, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2018, the foregoing was filed electronically with the Clerk of Court to be served by Notice of Electronic Filing from the Court's electronic filing system upon the following:

Bradford R. Sohn
THE BRAD SOHN LAW FIRM PLLC
2600 South Douglas Rd., Suite 1007
Coral Gables, Florida 33134
Tel: (786) 708-9750
Fax: (305) 397-0650
brad@sohn.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737
Fax: (732) 709-5150
jmg@glapionlaw.com
*Attorneys for Plaintiff*

                                              /s/ *Mary Joanne Dowd*
                                                Mary Joanne Dowd