UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MELANIE DAVIS**, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**POST UNIVERSITY, INC.**,<br><br>　　　　　　Defendant. | Civil Case No.: 18-cv-81004<br><br>Judge: Hon. Robin L. Rosenberg<br>Magistrate Judge: Hon. Bruce E. Reinhart |

**Plaintiff's Reply in Support of Motion to Invalidate or Strike Defendant's Offer of Judgment**

i

**Contents**

**INTRODUCTION** .................................................................................................................. 1

I.   The Federal Rules are to be Construed and Employed in Ways That are Just. ............. 1

II.  The Court is not Being Asked to Issue an Advisory Opinion. ......................................... 2
   a.   The Harm is Real and Current. ................................................................................ 2
   b.   It Does Not Matter Whether Plaintiff or Her Counsel Bears the Cost-Shifting Risk. ........ 2

III. The Court has the Authority to Invalidate or Delay Defendant's Offer. ....................... 3
   a.   Fed. R. Civ. P. 23(d) .................................................................................................. 3
   b.   Inherent Authority .................................................................................................... 4

IV.  Neither *Campbell-Ewald* nor a Rejected Amendment to the Federal Rules Support Defendant's Position. ............................................................................................................. 5
   a.   *Campbell-Ewald* ...................................................................................................... 5
   b.   The Proposed Advisory Committee Rule ............................................................... 5

V.   Plaintiff Withdraws Her Request for Delayed Cost-Shifting in Her Alternative Proposal, Making This Alternative Proposal Fair, Workable, and True to the Rules. .......... 8

**CONCLUSION** ...................................................................................................................... 9

**INTRODUCTION**

Not once in Defendant's opposition does it dispute that its primary purpose in making its Offer of Judgment was to inject a conflict between Plaintiff and potentially scare her into abandoning her class claims. It is transparent why Defendant chose to utilize Rule 68, rather than a traditional, private settlement offer. But the Federal Rules of Civil Procedure must be construed in a way that is just, not in a way that allows a bad actor to bully into submission a litigant seeking to hold that bad actor accountable.

Plaintiff, Plaintiff's counsel, and the Court all have a duty, to varying degrees, to protect absent class members, even before class certification. Defendant's tactic is incompatible with this duty. Accordingly, Plaintiff respectfully reiterates her request that the Court invalidate Defendant's offer or allow Plaintiff to decide on the offer only after the Court rules on Plaintiff's Motion for Class Certification.

**I.     The Federal Rules are to be Construed and Employed in Ways That are Just.**

The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.". Fed. R. Civ. P. 1. Plaintiff has not argued that the Federal Rules expressly prohibit Defendant from making a Rule 68 offer in this context. Plaintiff has argued instead that doing so, and allowing the threat of cost-shifting to hang over this litigation, is unjust and would not promote the "inexpensive" determination of this action.[1] Defendant's response – which amounts to "there's no rule against it" – ignores Rule 1's mandate and the Court's authority and duties in a class action.

The inescapable, undisputed reality is that the *only reason* Defendant made its settlement offer in the context of Rule 68 is to scare Plaintiff with the threat of cost-shifting if she says no. It

---

[1] A defendant which believes costs may be shifted to a plaintiff may be less cost-sensitive in its litigation approach.

1

could have made the *exact same offer* via private discussions without reliance on Rule 68, but it did not do so. In fact, prior to Defendant's Rule 68 offer, Defendant had not indicated any interest in resolving this case. Defendant's offer is as much of a "private settlement discussion" as a mob boss offering protection to a local business for a small fee is a "negotiation."

    **II.**    <u>**The Court is not Being Asked to Issue an Advisory Opinion.**</u>

        **a.  The Harm is Real and Current.**

As expected, Defendant claims that any harm is hypothetical. As previously quoted:

> Each time Plaintiff pushes the litigation forward on behalf of the class, the cost-shifting risk to Plaintiff individually ratchets up, thus disincentivizing Plaintiff from acting in the best interest of the class. The putative class representative should not have to shoulder this ongoing conflict between his duties to vigorously pursue class certification and otherwise protect the interests of the class while running the risk that Defendant's costs will be shifted back to him.

*Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011). This is real, actual harm that began at the time Defendant made its offer. This motion, and every future motion, discovery request (some of which have already been served), hearing, appearance, argument, and deposition carries with it the risk that Plaintiff may have to pay, no matter how meritorious her case, and no matter how much of that work is done in the interests of the class. Plaintiff is obligated to vigorously protect the interests of the class, and now must do so against the constant concern of "how much might it cost me?" Though Rule 68 and Rule 23 may not in tension as written, Defendant's use of Rule 68 makes them so. Given that there are viable alternatives to resolving this matter apart from kneecapping Plaintiff with a Rule 68 offer, there is no reason that Rule 23 should be the one to potentially yield here.

        **b.  It Does Not Matter Whether Plaintiff or Her Counsel Bears the Cost-Shifting Risk.**

Defendant argues that Plaintiff's counsel, rather than Plaintiff, may ultimately be responsible for any shifted costs. This does not matter. The adequacy inquiry – and questions of

conflict – flows to both lead plaintiff *and* class counsel. *See* Fed. R. Civ. P. 23(a)(4), 23(g). "The Court must be satisfied that the representative parties will fairly and adequately protect the interests of the class. This requirement applies to both the named plaintiffs and their counsel." *Smith v. Wm. Wrigley Jr. Co.*, Case No. 09-60646, 2010 U.S. Dist. LEXIS 67832, *12-13 (S.D. Fla. June 15, 2010) (citing *London v. Wal-Mart Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003)). If the Rule 68 offer potentially injects a conflict between Plaintiff herself and the putative classes *or* Plaintiff's counsel and the putative classes, it risks short-circuiting the class action mechanic. In a scenario where the Court were to find that a rejected Rule 68 offer created an insurmountable conflict between Plaintiff's counsel and the putative classes, class certification would be denied. Even if this denial was without prejudice, Plaintiff's counsel in such a scenario could no longer represent the classes. Plaintiff then must find a new attorney – who would suffer from the same Rule 68-induced conflict – or agree to herself bear the risks of cost-shifting, which would then shift the conflict to her.[2]

### III. The Court has the Authority to Invalidate or Delay Defendant's Offer.

At the outset, Plaintiff and Defendant agree that Rule 12(f) does not provide the Court the authority to strike an offer. Plaintiff did not ask for the Court to rely on Rule 12(f) to strike any offer. Any discussion of whether the Court can strike something that has not been filed is irrelevant, as those limitations are only applicable to Rule 12(f).

#### a. Fed. R. Civ. P. 23(d)

In briefly arguing that Rule 23(d) does not allow for the Court to invalidate its offer, Defendant claims that Rule 23(d) only gives authority to impose conditions on the "representative parties" and invalidating Defendant's offer would be imposing conditions on Defendant. Assuming Defendant's argument is correct, it is irrelevant and elevates form over substance.

---

[2] None of this is to concede that any conflict created would be insurmountable on a Motion for Class Certification.

First, there is more to Rule 23(d) than 23(d)(1)(C). Rule 23(d)(1)(A) gives the Court the authority to issue orders that "determine the course of proceedings or prescribe measures to prevent undue repetition or complication[.]" Plaintiff's requested relief falls within this provision. Whether the Court invalidates Defendant's offer because of the potential impact on Plaintiff's representation of the class – preventing a complication – or permitting Plaintiff to wait until a decision on class certification before responding – determining the course of proceedings – the Court may rely on 23(d) to grant Plaintiff's Motion. Further, Rule 23(d)(1)(E) allows a Court to issue orders to "deal with similar procedural matters" as those previously enumerated. Rule 68, like all of the other Federal Rules of Civil Procedure, is procedural, and Plaintiff's request to modify or "deal with" this procedural matter is sufficiently similar to the other matters that the Court may expressly address pursuant to the other provisions of Rule 23. Accordingly, Rule 23(d)(1)(E) also provides authority to the Court to grant Plaintiff's requested relief.

Second, even if the sole source of potential authority is derived from Rule 23(d)(1)(C), invalidating Defendant's offer may easily take the form of an order barring Plaintiff from considering any Rule 68 settlement offer made to her individually, either for the duration of the case or so long as it remains a putative or certified class action. This accomplishes the exact same purpose as invalidating Defendant's offer, but the condition is imposed on Plaintiff.

    **b. Inherent Authority**

As mentioned in Plaintiff's opening brief, and not refuted by Defendant, the Court has authority to strike or declare Defendant's offer to be ineffective under its inherent powers. *See, e.g. Johnson* 276 F.R.D. at 335 (finding that it is within a court's inherent powers to strike an offer of judgment, even if not a pleading or one of the circumstances called for in Rule 12(f)) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (holding that a court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own

4

affairs so as to achieve the orderly and expeditious disposition of cases.")).

### IV. Neither *Campbell-Ewald* nor a Rejected Amendment to the Federal Rules Support Defendant's Position.

#### a. *Campbell-Ewald*

Defendant perverts *Campbell-Ewald* to stand for the idea that Rule 68 offers to individual plaintiffs in class actions are *de facto* permissible because the Supreme Court did not say otherwise, and instead addressed the merits of whether an unaccepted Rule 68 offer mooted the individual plaintiff's claims. But the latter was the only relevant issue before the Court. It is hornbook law that appellate courts very rarely *sua sponte* address issues not raised by the parties. *See, e.g.*, *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1009 (2017) ("We generally do not entertain arguments that were not raised below and that are not advanced in this Court by any party [] because it is not the Court's usual practice to adjudicate either legal or predicate factual questions in the first instance.") (citations and quotations omitted); *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 558 (3d Cir. 2017) ("Theories not raised squarely [in the District Court] cannot be surfaced for the first time on appeal."); *Ellis v. Fid. Mgmt. Trust Co.*, 883 F.3d 1, 8 (1st Cir. 2018) (same). As such, any argument by inference from the silence of appellate courts is a non-starter.

By contrast, Plaintiff does not argue that *Campbell-Ewald* decided the issue now presented to this Court. Instead, Plaintiff believes that the Supreme Court's refusal to condone the use of Rule 68 to directly circumvent Rule 23 should, to some degree, provide breathing room to those courts who do not think Rule 68 should be used to indirectly circumvent Rule 23.

#### b. The Proposed Advisory Committee Rule

Defendant also relies upon the Advisory Committee's rejection of an amendment that would have, among other things, made Rule 68 inapplicable to class actions. Though some courts have relied on this to indicate that Rule 68 offers to individual plaintiffs in putative class actions

5

are fair game, these courts did so with no analysis or discussion of the *actual* proposal that was rejected. Of course, as is often the case when reasoning from actions *not* taken, the story is far more complicated, and the actual history of the proposal and reasons for rejection do not do the lifting Defendant requires.[3]

For starters, the proposed rule would have completely exempted class actions from Rule 68 ("This rule shall not apply to class or derivative actions under [Rule 23]."). Plaintiff here has not argued that Rule 68 should be inapplicable to class actions, nor would Plaintiff agree with such an amendment if proposed. Instead, Plaintiff has argued that Rule 68 offers to *individual plaintiffs* in putative class actions, which are often transparent attempts to short-circuit Rule 23, are frequently improper, even if technically allowed, and courts are well within their rights to invalidate or defer such offers. This subset of Rule 68 offers made in the context of class actions was not the subject of the proposed amendment. If Defendant would like to make a Rule 68 offer to the classes, this is certainly permissible, and Plaintiff would welcome such an offer.

Second, the controversy over, and rejection of, the proposed amendment had very little to do with the Rule 23 exception.[4] In 1983, the Advisory Committee proposed a sweeping amendment to Rule 68 that would have made Rule 68 two-way and included attorneys' fees in the sanction rather than just costs. *See* Robert G. Bone, *"To Encourage Settlement": Rule 68, Offers of Judgment, and the History of the Federal Rules of Civil Procedure*, 102 NW. U. L. REV. 1561, 1607-08 (2008). The proposal generated a tremendous amount of controversy. The defense bar supported the proposal and urged its adoption as a way handle frivolous suits. *Id.* at 1609. The

---

[3] The text of the proposed revision can be found at 473 U.S. 1, 40 n. 58. The courts that cite the Committee's rejection cite to 102 F.R.D. 407 for the text of the rejected rule. However, this citation is no longer valid for this purpose. That case does not include or discuss the rule, suggesting the citation has changed over the years.

[4] It is unclear on what the *Roundtree* court based its analysis to the contrary.

6

plaintiffs' bar opposed the reform largely due to the inclusion of attorneys' fees in the sanction. *Id.* There were also concerns that the inclusion of fees would violate the Rules Enabling Act. *Id.* The controversy caused the Committee to withdraw the 1983 proposal and try again in 1984. *Id.* at 1609. The 1984 proposal was slightly weaker than the 1983 proposal. It enlarged the amount of time to accept or reject the offer to 60 days, imposed an "unreasonable rejection" standard prior to allowing for cost-shifting, and, most significantly, still allowed for attorneys' fees. 473 U.S. 1, 40 n. 58; *see also* 102 NW. U. L. Rev. at 1610. The resulting controversy was nearly identical as it was in 1983. This time, the late Congressman Robert Kastenmeier (D-WI), a member of the House Judiciary Committee, wrote a letter to the late Judge Frank Johnson, then-Chairman of the Advisory Committee, stating that he was "very concerned about the proposed changes to [Rule 68]", primarily that the proposed changes should be accomplished by legislation – not rulemaking. Stephen B. Burbank, *Proposals to Amend Rule 68 – Time to Abandon Ship*, 19 U. Mich. J. L. Reform 425, 440 n.81 (1986). This letter ultimately led Judge Johnson to table the November 1985 meeting of the Advisory Committee, which was intended to consider the proposed changes. *Id.* In December 1985 (prior to the Advisory Committee's next meeting in April 1986), legislation was introduced to amend Federal Rule of Civil Procedure 68. *Id.*; *see also* H.R. 3998, 99th Cong., 1st Sess. (1985). Because of the introduction of this legislation, in April 1986 the Advisory Committee permanently tabled its proposed amendment. Minutes, Advisory Committee on the Civil Rules, April 21, 1986, *available at* http://www.uscourts.gov/sites/default/files/fr_import/CV04-1986-min.pdf. Ultimately, the bill died without a vote.

Accordingly, little can be inferred about the Advisory Committee's opinion on the exemption of Rule 23 from Rule 68 from its decision not to adopt the 1984 proposal.

> **V.    Plaintiff Withdraws Her Request for Delayed Cost-Shifting in Her Alternative Proposal, Making This Alternative Proposal Fair, Workable, and True to the Rules.**

In reliance on the creative approach taken by Tenth Circuit Judge Paul Joseph Kelly, Jr., sitting by designation in *Jones v. I.Q. Data Int'l, Inc.*, Case No. 14-cv-130, 2014 U.S. Dist. LEXIS 174890 (D.N.M., June 23, 2014), Plaintiff requested that, in the alternative to invalidating Defendant's offer, the Court allow Plaintiff fourteen days after a decision on class certification to decide whether to accept the offer, with cost-shifting accruing from the date of her decision to reject the offer.

Defendant's objection to this request is that Plaintiff asks to delay cost-shifting until rejection, while Rule 68 by its terms shifts costs after the offer was made. Plaintiff agrees with Defendant's interpretation, and on re-reading Judge Kelly, Jr.'s order, it does not appear His Honor delayed cost-shifting. Plaintiff withdraws her request for delayed cost-shifting. If the Court were to hold open Defendant's offer until after a decision on Plaintiff's Motion for Class Certification, any cost-shifting should accrue from the date the offer was first made, not from the date of rejection.

This approach respects Defendant's claimed good faith evaluation of the value of this case and its settlement offer, while allowing Plaintiff to act without fear of cost-shifting while she pursues class certification. It is also on good legal grounds. A timely motion for class certification relates back to the filing of the complaint. *See, e.g.*, *Jeffrey M. Stein, D.D.S., M.S.D., P.A. v. Buccaneers L.P.*, 772 F.3d 698, 706-07 (11th Cir. 2014); *Neurocare Inst. of Cent. Fla., P.A. v. Healthtap, Inc.*, 8 F. Supp. 3d 1362, 1366 (M.D. Fla. 2014). It would only seem fair, then, to decide an issue raised at the filing of the complaint – class certification – instead of forcing Plaintiff to decide whether to settle her case individually before the Court can meaningfully be expected to rule on such a motion.

## **CONCLUSION**

Plaintiff respectfully asks the Court to invalidate Defendant's offer, or allow Plaintiff to accept or reject the offer within 14 days of the Court's decision on Plaintiff's Motion for Class Certification.

**Dated:** October 18, 2018

s/ Bradford R. Sohn_____
Bradford R. Sohn
Fla. Bar. No. 98788
**THE BRAD SOHN LAW FIRM PLLC**
2600 South Douglas Rd, Suite 1007
Coral Gables, Florida 33134
Tel: 786.708.9750
Fax: 305.397.0650
brad@sohn.com

s/ Jeremy M. Glapion_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
(*Pro Hac Vice*)

## CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2018, I filed the foregoing Reply through the Court's electronic filing system and thereby served all filing users, including Defendant's counsel of record.

| | |
|---|---|
| **Dated:** October 18, 2018 | s/ Bradford R. Sohn_____<br>Bradford R. Sohn<br>Fla. Bar. No. 98788<br>**THE BRAD SOHN LAW FIRM PLLC**<br>2600 South Douglas Rd, Suite 1007<br>Coral Gables, Florida 33134<br>Tel: 786.708.9750<br>Fax: 305.397.0650<br>brad@sohn.com<br><br>s/ Jeremy M. Glapion_____<br>Jeremy M. Glapion<br>**THE GLAPION LAW FIRM, LLC**<br>1704 Maxwell Drive<br>Wall, New Jersey 07719<br>Tel: 732.455.9737<br>Fax: 732.709.5150<br>jmg@glapionlaw.com<br>(*Pro Hac Vice*) |