UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Case No.: 9:18-cv-81004-ROSENBERG/REINHART

| |
|---|
| **MELANIE DAVIS**, on behalf of herself and all others similarly situated, |
| Plaintiff, |
| v. |
| **POST UNIVERSITY, INC.,** |
| Defendant. |

DEFENDANT POST UNIVERSITY'S ANSWER TO PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Post University, Inc. ("Post University"), through counsel, hereby answers the First Amended Complaint filed by Plaintiff Melanie Davis on December 26, 2018. As a threshold matter, Rule 8 requires that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's pages of "allegations" regarding the Telephone Consumer Protection Act ("TCPA") and related legal conclusions are neither plain nor short, and do not show that Plaintiff is entitled to any relief in this case. In short, Plaintiff's legal brief masquerading as a pleading is improper and serves only to burden the Court and Post University with unnecessary denials to Plaintiff's legal conclusions. Accordingly, except as expressly admitted herein, Post University denies each and every allegation in the Complaint.

## INTRODUCTION

1.     This action arises out of Defendant Post University, Inc.'s ("Defendant") practice of placing telemarketing calls to individuals in the absence of any "do not call"

1

policy or training, and without honoring the national "do not call" list, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

**ANSWER: Defendant Post University admits that Plaintiff purports to bring this against Post University under the TCPA. Post University denies the remaining allegations in Paragraph 1.**

2.      Despite Defendant's failure to comply with these legal requirements *prior* to making telemarketing calls, Defendant has placed numerous telemarketing calls to Plaintiff's telephone number.

**ANSWER: Defendant Post University denies the allegations in Paragraph 2.**

3.      Plaintiff Davis has repeatedly tried to opt out of Defendant's telemarketing calls, only to be met with resistance and continued calls.

**ANSWER: Defendant Post University denies the allegations in Paragraph 3.**

4.      Defendant further violated the law by making telemarketing calls to persons on the national "Do Not Call" registry and with whom it did not have an established business relationship at the time of the calls.

**ANSWER: Defendant Post University denies the allegations in Paragraph 4.**

5.      Accordingly, Plaintiff brings this TCPA action on behalf of herself and two classes of similarly situated individuals under 47 U.S.C. § 227(c).

**ANSWER: Paragraph 5 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER: Defendant Post University admits only that the Court has authority to hear cases arising under the TCPA.**

7.      This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed the tortious acts in this District.

**ANSWER: Defendant Post University admits that it conducts business in this District but denies all other allegations in Paragraph 7.**

8.      Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**ANSWER: Defendant Post University admits that venue is proper but denies all other allegations in Paragraph 8.**

## PARTIES

9.      Plaintiff is, and at all times mentioned herein was, a citizen and resident of Boynton Beach, Florida.

**ANSWER: Defendant Post University admits only that when Plaintiff affirmatively requested to be contacted by Post University via an online application form she completed, Plaintiff disclosed, among other things, that her address was 207 Asbury Way, Boynton Beach, FL 33426.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9, and so denies the allegations.**

3

10.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER: Defendant Post University admits the allegations in Paragraph 10.**

11.     Defendant is, and at all times mentioned herein was, a Delaware corporation headquartered at 800 Country Club Rd., Waterbury, CT 06708.

**ANSWER: Defendant Post University admits the allegations in Paragraph 11.**

12.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**ANSWER: Defendant Post University admits the allegations in Paragraph 12.**

## **THE TCPA**

13.     The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

**ANSWER: Paragraph 13 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

14.     The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER: Paragraph 14 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

4

15.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of ... company-specific 'do not call systems ...)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER: Paragraph 15 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

16.     Pursuant to this statutory mandate, the FCC issued two relevant regulations.

**ANSWER: Paragraph 16 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

17.     The first, in the FCC's very first regulation pursuant to the above mandate, established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER: Paragraph 17 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

18.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

**ANSWER: Paragraph 18 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

19.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

**ANSWER: Paragraph 19 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

20.     It accordingly placed the burden on telemarketers to implement and prove the implementation of their compliance procedures.

**ANSWER: Paragraph 20 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

21.     These regulations are codified at 47 CFR 64.1200(d)(1)-(7).

**ANSWER: Paragraph 21 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

22.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do

not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

**ANSWER: Paragraph 22 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

23.     These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

**ANSWER: Paragraph 23 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

24.     Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**ANSWER: Paragraph 24 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

25.     The second regulation established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

**ANSWER: Paragraph 25 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

26.     These regulations are codified at 47 CFR 64.1200(c)(1-2).

**ANSWER: Paragraph 26 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

27. Specifically, a company may not initiate any "telephone solicitation"[1] to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

**ANSWER: Paragraph 27 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

28. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication," 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). It can also be terminated by the passage of time. 47 CFR 64.1200(f)(5). "Telemarketing," on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship with that person, a company must implement the company-specific do-not-call regulations, but it only need to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

**ANSWER: Paragraph 28 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

29.     Though some of these requirements mention "residential" telephones, these requirements were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

**ANSWER: Paragraph 29 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

<u>**PLAINTIFF'S FACTUAL ALLEGATIONS**</u>

30.     On or about August 9, 2017, Plaintiff called Defendant.

**ANSWER: Defendant Post University admits the allegation in Paragraph 30.**

31.     On this call, Plaintiff inquired about enrolling at Defendant's for-profit school.

**ANSWER: Defendant Post University admits the allegation in Paragraph 31.**

32.     Plaintiff called from her cellular telephone number ending in 4599.

**ANSWER: Defendant Post University admits the allegation in Paragraph 32.**

33.     The same day, Defendant's employee Rita Francisco emailed Plaintiff financial aid paperwork.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and so denies the allegations.**

34.     The following day, Defendant's employee Carissa Valluzzo sent Plaintiff an email welcoming her to post.

**ANSWER: Defendant Post University admits the allegation in Paragraph 34.**

35.     On August 11, 2017, Defendant called Plaintiff's telephone number ending in 4599 from its telephone number 203-596-8364.

**ANSWER: Defendant Post University admits the allegation in Paragraph 35.**

36.     On August 13, 2017, Plaintiff wrote Defendant's employee Rita Francisco an email stating that she would no longer be able to move forward with attending Post. Victoria Meehan was copied on this email.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and so denies the allegations.**

37.     Victoria Meehan is not an ordinary employee – she is Defendant's Assistant Director of Admissions according to her email signature, and has been since June 2014, according to Ms. Meehan's LinkedIn page. https://www.linkedin.com/in/victoria-meehan/

**ANSWER: Defendant Post University admits that Victoria Meehan is an Assistant Director of Admissions for Post University and has been since June 2014, but denies all other conclusory allegations in Paragraph 37.**

38.     On August 15, 2017, Defendant's employee Rita Francisco called Plaintiff's telephone number ending in 4599 from its number 203-596-8364 acknowledging receipt of the August 13 email, but stating that because they had purportedly gotten "so far in the process", Ms. Francisco was "reluctant to close out [Plaintiff's] file." Ms. Francisco additionally asked for a call back so Plaintiff could explain and justify why she wanted her file closed.

**ANSWER: Defendant Post University admits that Rita Francisco called Plaintiff's telephone number on August 15, 2017, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of remaining allegations in Paragraph 38.**

39.     Plaintiff did not return Ms. Francisco's phone call.

**ANSWER: Defendant Post University admits the allegation in Paragraph 39.**

40.     On the following day, August 16, Defendant marked Plaintiff as "opportunity lost" in its database, indicating that Defendant no longer considered Plaintiff to be, at that time, an interested or likely prospective student.

**ANSWER: Defendant Post University admits the allegation in Paragraph 40.**

41.     However, despite this, Defendant shortly resumed contacting Plaintiff via email and telephone (all at Plaintiff's 4599 number).

**ANSWER: Defendant Post University admits the allegation in Paragraph 41.**

42.     As detailed more specifically below, all of Defendant's communications after August 16 were attempts to get Plaintiff to "re-engage" with the Post University by applying or re-applying to Post University and ultimately attending Post University.

**ANSWER: Defendant Post University denies the allegation in Paragraph 42.**

43.     In other words, these calls were intended to "recapture" the opportunity that Defendant had previously marked as lost.

**ANSWER: Defendant Post University denies the allegation in Paragraph 43.**

44.     These calls were therefore all telemarketing, as they were intended to encourage Plaintiff to purchase or invest in Defendant's goods or services.

**ANSWER: Paragraph 44 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant Post University denies the allegation in Paragraph 44.**

45.     On August 24, Ms. Meehan emailed Plaintiff to discuss Plaintiff's interest in attending classes beginning on August 28. In this email, Ms. Meehan wrote, in part:

> I wanted to follow up one more time with you regarding your request for information on our online, accelerated program! It's not too late to start this fall at Post University! Classes begin throughout next week. Are you ready to change your life?

**ANSWER: Defendant Post University admits the allegation in Paragraph 45.**

46.     On September 21, Defendant's employee Carissa Valluzzo emailed Plaintiff, writing, in part:

> A while back, we had received a request for more information regarding Post University's online degree programs. I'm sorry it didn't work out for you for the previous sessions. Our next session is coming up and I was seeing if this was something you were still interested in.

**ANSWER: Defendant Post University admits the allegation in Paragraph 46.**

47.     Plaintiff responded to this September 21 email asking Defendant to close her file.

**ANSWER: Defendant Post University admits that Plaintiff emailed Defendant Post University on September 21, 2017, writing in part that "I am unable to attend school at [this] time.  I was very interested at the time I contacted your school.  … You may close my file."**

48.     Plaintiff's request that Defendant close her file is sufficient to terminate any established business relationship Defendant believed that it had.

**ANSWER: Paragraph 48 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies the allegation.**

49.     Plaintiff's request to close her file was not documented in Defendant's system and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and so denies the allegations.**

50.     On October 5, 2017, Defendant's employee Kimberly Williams emailed Plaintiff, writing, in part:

> This is a friendly reminder from Post University that we have classes starting at the end of this month. With the start of our fall classes just around the corner, it's important to get documents in as quickly as possible. If you are still interested in being recommended for the final session of 2017, please reply back with the following information to set up your advisory session to discuss enrollment steps[.]

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and so denies the allegations.**

51.     This email continued by asking for Plaintiff's telephone number and the best time to call Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and so denies the allegations.**

52.     Plaintiff provided neither her telephone number or a time to call.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and so denies the allegations.**

53.     Kimberly Williams lists her position in her email signature as "Admissions Counselor ADP – Team Lead."

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and so denies the allegations.**

54.     Plaintiff responded to the above email with "[p]lease take me off ur mailing lists!"

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and so denies the allegations.**

55.     Plaintiff's request was not documented, and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and so denies the allegations.**

56.     On October 11, 2017, Defendant's Assistant Director of Admissions Victoria Meehan emailed Plaintiff stating, in part:

> With the start of classes just around the corner, it's important to understand your financial aid award package and if going to college to change your life will be feasible for you. We have financial aid advisors available 7 days a week to discuss your options with you. To discuss your FAFSA and possibly get started in our October 23rd session, please REPLY BACK.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, and so denies the allegations.**

57.     This email then requested Plaintiff's phone number and best time to call.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and so denies the allegations.**

58.     Plaintiff provided neither her telephone number or a time to call.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and so denies the allegations.**

59.     **First Revocation**: Plaintiff responded to this email by writing "[p]lease stop emailing, texting, sms, calls, and voicemail! This is the third or fourth time I am asking to be removed from all of your lists!!"

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and so denies the allegations.**

60.     Plaintiff's request was not documented, and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and so denies the allegations.**

61.     Upon information and belief, Defendant deleted the aforementioned email from Plaintiff to Ms. Meehan at some point between the email being sent and November 28, 2018.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and so denies the allegations.**

62.     On October 18, 2017, Defendant's Assistant Director of Admissions Victoria Meehan emailed Plaintiff again to follow up on Plaintiff's interest in attending classes on October 23. This email stated, in part

> It is not too late for you to change your life through education! Post University offers 24/7 tutoring, lifelong career services assistance, and unparalleled flexibility and support. Once before you told us that was what you wanted from a school, is that still the case? To get started in our October 23rd session please REPLY BACK[.]

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62, and so denies the allegations.**

63.     This email continued by inviting Plaintiff to provide her telephone number and best time to call in order to get started in Post's October 23rd session.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63, and so denies the allegations.**

64.     Plaintiff provided neither her telephone number or a time to call.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64, and so denies the allegations.**

65.     **First Telemarketing Call**: Ms. Meehan called Plaintiff's telephone number ending in 4599 that same day. This call, like all communications around this time, was to gauge Plaintiff's interest in attending classes in an upcoming session (here, the October 23rd session) and to convince her to do so. This call approximated the sentiment, content, and purpose seen in Ms. Meehan's October 18 email to Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65, and so denies the allegations.**

66.     On November 8, 2017, Defendant's Admissions Counselor Team Lead Kimberly Williams sent an email to Plaintiff writing in part:

You were previously working with our admissions team regarding enrollment for Post University's online accelerated programs. I know timing was off and you were unable to start in 2017. I wanted to let you know Post University is now registering students for courses that begin on January 8th, 2018 and this is the first class of the New Year.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and so denies the allegations.**

67.     The email continued by providing "facts" on Post University and included taglines such as "YOUR FUTURE BEGINS TODAY" and "Don't wait another year to begin working on your dreams!", as well as a call to action to "Get started today by completing your FAFSA."

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and so denies the allegations.**

68.     This email also invited Plaintiff to respond to the email if she was no longer interested.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and so denies the allegations.**

69.     **Second Revocation**: Plaintiff replied to this email, writing "I have asked you and your colleagues to stop calling and emailing me. I was once interested and have had to

change my mind. I am no longer interested in applying to attend Post University! Please let this be the last communication regarding your school."

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and so denies the allegations.**

70.     Plaintiff's request was not documented, and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and so denies the allegations.**

71.     Upon information and belief, Defendant deleted the aforementioned email from Plaintiff to Ms. Williams at some point between the email being sent and November 28, 2018.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and so denies the allegations.**

72.     On December 7, 2018, Carissa Valluzzo sent Plaintiff an email encouraging Plaintiff to enroll in the session beginning January 8, 2018. This email stated, in part:

XXX[sic], Now's the perfect time to get the education you need on your own time. Enroll today to take an important step forward in achieving your personal and professional goals.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72, and so denies the allegations.**

73.     The email then provided "facts" about "Post" and provided buttons for Plaintiff to "start a new FAFSA" and "Apply Now."

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73, and so denies the allegations.**

74.     The "XXX" typo in the introduction of the email suggests that Defendant had been using mail merged emails and sending similar emails *en masse*, without regard to previous requests to cease contact.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and so denies the allegations.**

75.     Upon information and belief, all of the emails sent to Plaintiff after August 16 and quoted herein were sent using this process.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75, and so denies the allegations.**

76.     On January 4, 2018, Defendant's Assistant Director of Admissions Victoria Meehan emailed Plaintiff, writing, in part:

Are you snowed in today and want to have a productive day? We can help you get your FAFSA done! ... Completing your FAFSA is a very important step in the

admissions process and we don't want you to miss out on classes that start
January 8, 2018!

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76, and so denies the allegations.**

77. **Third Revocation**: Plaintiff replied "[p]lease stop contacting me! Not interested!!"

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and so denies the allegations.**

78. Upon information and belief, Defendant deleted the aforementioned email from Plaintiff at some point between the email being sent and November 28, 2018.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and so denies the allegations.**

79. Plaintiff's request was not documented, and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and so denies the allegations.**

80. **Second Telemarketing Call**: On January 11, 2018, Defendant called Plaintiff's telephone number ending in 4599 from its telephone number 203-596-8364. The content and purpose of this telephone call was in line with the email and telephonic

communications after August 16. On this call, Rita Francisco attempted to re-engage Plaintiff with Post University, to convince Plaintiff to attend Post University, and to take the necessary steps to enroll in Defendant's next session.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, and so denies the allegations.**

81.     **Fourth Revocation**: On that January 11, 2018 call, Plaintiff once again asked Defendant to stop calling and contacting her.

**ANSWER: Defendant Post University admits that on January 11, 2018, Plaintiff made a do-not-call request to Post University.**

82.     This is the first and only "Do Not Call" request from Plaintiff noted in Defendant's system.

**ANSWER: Defendant Post University admits the allegation in Paragraph 82.**

83.     Nevertheless, Defendant continued to contact and call Plaintiff after this request was noted.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83, and so denies the allegations.**

84.     On April 4, 2018, Defendant's Admissions Counselor Team Lead Kimberly Williams emailed Plaintiff, writing in part:

Post University would love to reconnect with you regarding starting online classes.... We have classes beginning on April 30th, 2018, are you interested in starting?

22

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, and so denies the allegations.**

85.    **Fifth Revocation**: Plaintiff responded to this email writing "[t]his is the 5 or 6th time I have asked Post representatives to stop contacting me. Please close my file!!! I will be forced to obtain legal action."

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85, and so denies the allegations.**

86.    Plaintiff's request was not documented, and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, and so denies the allegations.**

87.    Upon information and belief, Defendant deleted the aforementioned email from Plaintiff at some point between the email being sent and November 28, 2018.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87, and so denies the allegations.**

88.    On June 6, 2018, Defendant's Admissions Counselor Team Lead Kimberly Williams emailed Plaintiff, again seeking to convince Plaintiff to take steps to enroll in an upcoming session. This email stated, in part:

Not too long ago you considered Post University for your education, I am touching base with you because we have not given up on you and your goals! ... Classes start at the end of this month and Post U requires just two applications to have your file reviewed.

**ANSWER: Defendant Post University admits the allegations in Paragraph 88.**

89.    This email then asked Plaintiff to provide the best time and phone number at which to reach her. Plaintiff did not do so.

**ANSWER: Defendant Post University admits the allegations in Paragraph 89.**

90.    **Sixth Revocation**: Plaintiff responded "Please stop emailing me! I'm not interested anymore! I have told everyone who has contacted me by phone and email!!"

**ANSWER: Defendant Post University admits the allegation in Paragraph 90.**

91.    Plaintiff's request was not documented, and Defendant continued to contact Plaintiff.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, and so denies the allegations.**

92.    Upon information and belief, Defendant deleted the aforementioned email from Plaintiff at some point between the email being sent and November 28, 2018.

**ANSWER: Defendant Post University denies the allegations in Paragraph 92.**

93.    Notably, all of Defendant's emails included indications that those emails were being monitored. For example, some of the emails included language that "[i]f you are no longer interested in completing your degree, please respond to this email and I will update

24

our records." Others contained language asking the recipient to inform the sender via return email if the recipient was not the intended recipient.

**ANSWER: Paragraph 93 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies the allegations.**

94.     Furthermore, none of Plaintiff's emails "bounced" back, as they would to an email address that could not accept incoming messages.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94, and so denies the allegations.**

95.     Despite these six revocations, on July 17, Defendant's employee Connie (upon information and belief, Admissions Counselor Connie Reilly) sent a series of text messages[2] from telephone number 203-802-5819 to Plaintiff's telephone number ending in 4599. The following is that text message exchange:

- **Third Telemarketing Call**. *Defendant*: (1/5) Hello Melanie, this is Connie with Post University's Admissions

- *Defendant*: (2/5) office. You were working with our admissions team last year at this time to get registered for our Fall session. I know life got in the way and you were

- *Defendant*: (3/5) unable to begin with us last year. Are you still interested in earning a Bachelor's degree in Human Services?

---

[2] Text messages are "calls" under the TCPA. See, e.g., 2003 FCC Order, 18 FC Rcd. 14014, ¶ 165

- *Defendant*: (4/5) We'd love to help you get back on track towards your educational

- *Defendant*: (5/5) and career goals. Reply back to this text message to discuss enrollment options for Fall 2018.

- **Seventh Revocation**. *Plaintiff*: I have asked your organization over 8 different times to take me off your contact list! Please do not contact me regarding enrollment to Post University. Any further communication from Post will allow me to file a complaint for harassment.

- **First DNC policy request**. *Plaintiff*: I would like to have a copy of Post University's Do-not-call list please! You may send it to my address on your file. Thank you! Melanie Davis.

- *Defendant*: We do not disclose student information. Your file has been closed.

- **Second DNC policy request.** *Plaintiff*: I'm am[sic] not asking for any student information. I am asking for Post University's Do not call Manuel[sic]. My file being closed with your organization did not stop you from contacting me after several requests!

- *Defendant*: You will not be contacted by us again

- **Third DNC policy request**. *Plaintiff*: Connie, I have heard that before a few times. But here we are. I know you are just following directions. So, I am requesting the Post University's Do-Not-Call manual. I am going to make sure I don't receive any other communication from this school. Thank you.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95, and so denies the allegations.**

96.     Defendant did not document Plaintiff's "Seventh Revocation" in its system.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96, and so denies the allegations.**

97.     On July 18, 2018, Plaintiff called Defendant's telephone number at 203-591-5047, and spoke with Defendant's employee Anna Lynn.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97, and so denies the allegations.**

98.     **Fourth DNC policy request**: On this call, Plaintiff identified herself and once again asked for Defendant's "Do Not Call" policy.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and so denies the allegations.**

99.     Defendant stated "I'm not sure I have that right here on my computer. If you need your file closed, I can do that for you", or words to that effect.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, and so denies the allegations.**

100.     Plaintiff again reiterated her request for Defendant's "Do Not Call" policy.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100, and so denies the allegations.**

101.    Defendant's employee placed Plaintiff on hold. When Defendant's employee returned to the phone, she stated that she did not have that on her computer and would have to check in with an unspecified "him" to see if there was a policy. She offered to email it to Plaintiff when she got it from "him."

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101, and so denies the allegations.**

102.    Plaintiff provided her email address, which Defendant's employee read back to confirm.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102, and so denies the allegations.**

103.    To date, however, Plaintiff has not received any policy.

**ANSWER: Defendant Post University denies the allegation in Paragraph 103.**

104.    Remarkably, after all of the above – the requests via phone, text, and email that Defendant stop contacting Plaintiff, the threatened litigation, the requests for the "Do Not Call" policy – Defendant *continued* to contact Plaintiff.

**ANSWER: Defendant Post University admits that it emailed Plaintiff after her January 11, 2011 do-not-call request, but denies all other allegations in Paragraph 104.**

105.    On September 7, Defendant's Admission Counselor Tashina McInerny emailed Plaintiff writing in part:

> I know that the main concern about attending school is the cost of tuition. Submit
> your FAFSA and see what your award will be prior to enrolling in classes. ... I look
> forward to being able to help you reach your long term educational goals.

**ANSWER: Defendant Post University admits the allegation in Paragraph 105.**

106.    As discussed, the TCPA prohibits making "any call for telemarketing purposes" unless the caller has met the affirmative defense of instituting certain minimum standards for maintaining an internal do-not-call list.

**ANSWER: Paragraph 106 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

107.    These standards include, among others, keeping a written policy, available upon demand, for maintaining a do-not-call list, training personnel engaged in telemarketing on the existence and use of the do-not-call list, and recording and honoring "do not call" requests. 47 CFR § 64.1200(d).

**ANSWER: Paragraph 107 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA.**

108.    At the time of its calls to Plaintiff, Defendant did not have such a written policy.

**ANSWER: Defendant Post University denies the allegation in Paragraph 108.**

109.    Even if Defendant did have a such a policy in place at the time of the calls, Defendant's failure and refusal to produce that policy make it not "available upon demand".

**ANSWER: Defendant Post University denies the allegation in Paragraph 109.**

110.    Furthermore, Defendant's employees are not trained on honoring "do not call" requests or any the existence or use of any internal "do not call policy".

**ANSWER: Defendant Post University denies the allegation in Paragraph 110.**

111.    To the contrary, Defendant encourages its employees and agents to use high-pressure sales tactics, overcome objections, convert a certain number of leads, and to call leads a certain number of times before that lead can be closed, regardless if the lead makes a "do not call" request.

**ANSWER: Defendant Post University denies the allegation in Paragraph 111.**

112.    Furthermore, Defendant did not record and/or honor "do not call" requests, as seen in Plaintiff's futile efforts to stop the calls, nor did it have in place any consistent or systematic way to document "do not call" requests.

**ANSWER: Defendant Post University denies the allegation in Paragraph 112.**

113.    As discussed, only one of Plaintiff's seven "Do Not Contact" requests was actually documented.

**ANSWER: Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113, and so denies the allegations.**

114.    Accordingly, because Defendant did not maintain the minimum policies and procedures prior to making telemarketing calls, all of Defendant's telemarketing calls to

anyone, in the absence of such a policy, and regardless of consent or equipment used, violate 47 U.S.C. § 227(c).

**ANSWER: Defendant Post University denies the allegation in Paragraph 114.**

115.    All of Defendant's calls to Plaintiff after she was marked as "Opportunity Lost" on August 16 were to convince Plaintiff to enroll in its for-profit university, which makes them telemarketing.

**ANSWER: Defendant Post University denies the allegation in Paragraph 115.**

116.    While the exact number of such calls to Plaintiff's cellular telephone number will be determined in discovery, Plaintiff has, as pled above, received more than two such telemarketing calls in a 12-month period.

**ANSWER: Defendant Post University denies the allegation in Paragraph 116.**

117.    Plaintiff is entitled to up to $500 for each call placed to her telephone number in violation of regulation 47 C.F.R. § 64.1200(d), prescribed pursuant to 47 U.S.C. § 227(c).

**ANSWER: Paragraph 117 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff is entitled to relief under the TCPA.**

118.    Plaintiff is entitled to $1,500 per call in violation of regulation 47 C.F.R. § 64.1200(d) if the Court finds that the violations were knowing and/or willful.

**ANSWER: Paragraph 118 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff is entitled to relief under the TCPA.**

119.    In addition, Plaintiff's telephone number ending in 4599 has been on the national "Do Not Call" registry since November 30, 2005.

**ANSWER:  Defendant Post University lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119, and so denies the allegations.**

120.    As of September 21, 2017, and certainly as of no later than October 11, 2017, Plaintiff had terminated any "established business relationship" with Defendant.

**ANSWER: Paragraph 120 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies the allegations.**

121.    Plaintiff received at least two additional telemarketing calls after October 11, 2017.

**ANSWER: Defendant Post University denies the allegation in Paragraph 121.**

122.    In addition, an business relationship established from an inquiry or application automatically terminates three months after the inquiry or application. 47 C.F.R. § 64.1200(f)(5) ("The term establish business relationship for purposes of telephone solicitations means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber ... on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.")

**ANSWER: Paragraph 122 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it violated the TCPA.**

123.    Plaintiff's sole inquiry was made on August 9, 2017 which would allow Defendant to place telemarketing calls to Plaintiff until November 9, 2017, absent termination of the business relationship prior to that date.

**ANSWER: Paragraph 123 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it violated the TCPA.**

124.    Defendant placed telemarketing calls to Plaintiff on January 11, 2018 and July 17, 2018 – more than three months after Plaintiff's inquiry, and thus in the absence of an established business relationship.

**ANSWER: Defendant Post University denies the allegations in Paragraph 124.**

125.    Defendant also did not implement written procedures to comply with the national do-not-call rules.

**ANSWER: Defendant Post University denies the allegation in Paragraph 125.**

126.    Defendant also did not train personnel in procedures established pursuant to the national do-not-call rules.

**ANSWER: Defendant Post University denies the allegation in Paragraph 126.**

127.    Defendant also did not maintain access to the do-not-call database between July 30, 2014 and June 30, 2016, and July 1, 2017 to July 30, 2018.

**ANSWER: Defendant Post University admits the allegation in Paragraph 127.**

128.    Accordingly, Plaintiff is entitled to an additional $500 for each call placed to her telephone number in violation of regulation 47 C.F.R. § 64.1200(c), prescribed pursuant to 47 U.S.C. § 227(c).

**ANSWER: Paragraph 128 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff is entitled to relief under the TCPA.**

129.    Plaintiff is entitled to $1,500 per call in violation of regulation 47 C.F.R. § 64.1200(c) if the Court finds that the violations were knowing and/or willful.

**ANSWER: Paragraph 129 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff is entitled to relief under the TCPA.**

130.    Plaintiff has suffered actual injury because of Defendant's telemarketing telephone calls, including, but not limited to:

- Device storage;

- Lost time tending to and responding to the calls;

- Invasion of Privacy;

- Nuisance;

- Deprivation of the right to request, receive, and act in accordance with the mandated "do not call" policy to stop further calls.

- Increased risk of all of the above.

**ANSWER: Defendant Post University denies the allegation in Paragraph 130.**

131.    These forms of actual injury are sufficient for Article III standing purposes.

**ANSWER: Paragraph 131 contains a conclusory statement to which no response is required. To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff is entitled to relief under the TCPA.**

## **CLASS ACTION ALLEGATIONS**

132.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed Classes, defined as follows:

Since July 30, 2014, Plaintiff and all persons within the United States to whose residential or cellular telephone number Defendant Post University, Inc. placed (or had placed on its behalf) two or more telephone calls in a 12-month period, after the person's file was marked as "Opportunity Lost", "Opportunity Closed", "Opportunity Deferred", or equivalent.

("Internal DNC Class")

Since July 30, 2014, Plaintiff and all persons within the United States to whose residential or cellular telephone number Defendant Post University, Inc. placed (or had placed on its behalf) two or more telephone calls in a 12-month period, when said telephone number was on the national "Do Not Call" registry at the time of the calls, the associated person's file was marked as "Opportunity Lost", "Opportunity Closed", "Opportunity Deferred", or equivalent prior to the two calls;

**and** either

1)      that person made a "Do Not Call" request to Defendant prior to the two calls **or**

2)      the two calls occurred at least three months after any inquiry or application by that person, without an intervening inquiry or application between the two calls.

("External DNC Class")

**ANSWER: Paragraph 132 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

133.    Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER: Paragraph 133 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

134.    **Numerosity**: The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable. Upon information and belief, Defendant expects each of its outbound call center employees to call 80-100 leads *per day*, and the class period covers four years of calls.

**ANSWER: Paragraph 134 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

135.    **Ascertainability**: The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

a.   The time period(s) during which Defendant placed its telephone calls;

b.   The telephone numbers to which Defendant placed its telephone calls;

    c.   Copies of correspondence (including do not call requests) with

        prospective class members;

    d.   The purpose(s) of such calls;

    e.   The names and addresses of Class members.

**ANSWER: Defendant Post University denies that class certification is appropriate in this case and denies the allegations in Paragraph 135.**

136.   **Commonality**: There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a.   Whether Defendant made telemarketing calls;

    b.   Whether Defendant maintained a written "do not call" policy;

    c.   Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

    d.   Whether Defendant recorded or honored "do not call" requests;

    e.   Whether Defendant calls telephone numbers on the national "do not call" registry;

    f.   Whether Defendant had written procedures to comply with the national "do not call" rules;

    g.   Whether defendant trained its personnel on complying with the national "do not call" rules;

    h.   Whether Defendant has a process to access the national "do not call" list and ensure persons on this list are not called;

    i.   Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

j.   Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER: Paragraph 136 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

137.   **Typicality**: Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

**ANSWER: Paragraph 137 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

138.   Plaintiff Davis is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes in a one-year period to her telephone number without having the required policies in place, and Plaintiff's telephone number was on the national "do not call" list after any established business relationship with Defendant had been extinguished.

**ANSWER: Defendant Post University denies the allegations in Paragraph 138.**

139.   Plaintiff and all putative Members of the Classes have also necessarily suffered actual damages in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's calls, lost space on their devices, had their phone lines tied up, and suffered a nuisance and an invasion of their privacy as they were unable to effectively stop the calls if they wanted to do so, or obtain a "do not call policy" upon which they could rely to stop the calls.

**ANSWER: Defendant Post University denies the allegations in Paragraph 139.**

140.     **Adequacy**: Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

**ANSWER: Paragraph 140 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

141.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

**ANSWER: Paragraph 141 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

142.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

**ANSWER: Defendant Post University denies that class certification is appropriate in this case and denies the allegations in Paragraph 142.**

143.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

**ANSWER: Defendant Post University denies that class certification is appropriate in this case and denies the allegations in Paragraph 143.**

144.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

**ANSWER: Defendant Post University denies that class certification is appropriate in this case and denies the allegations in Paragraph 144.**

145.    Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER: Paragraph 145 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that class certification is appropriate in this case.**

<strong>FIRST CAUSE OF ACTION<br>Violations of the TCPA, 47 U.S.C. § 227(c)<br>(On Behalf of Plaintiff and the Internal DNC Class)</strong>

146.    Plaintiff and the proposed Internal DNC Class incorporate the foregoing allegations as if fully set forth herein.

**ANSWER: Defendant Post University incorporates its above responses to paragraphs 1-145 of the Complaint as though fully set forth herein.**

147.    Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Internal DNC Class Members' telephone numbers.

**ANSWER: Defendant Post University denies the allegations in Paragraph 147.**

148.    Defendant did so despite not having a written policy pertaining to "do not call" requests.

**ANSWER: Defendant Post University denies the allegations in Paragraph 148.**

149.    Defendant did so despite not having such a policy available "upon demand."

**ANSWER: Defendant Post University denies the allegations in Paragraph 149.**

150.    Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

**ANSWER: Defendant Post University denies the allegations in Paragraph 150.**

151.    Defendant did so despite not recording or honoring "do not call" requests.

**ANSWER: Defendant Post University denies the allegations in Paragraph 151.**

152.    Defendant placed two or more telephone calls to Plaintiff and Internal DNC Class Members in a 12-month period.

**ANSWER: Defendant Post University denies the allegations in Paragraph 152.**

153.    Plaintiff and Internal DNC Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER: Paragraph 153 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff or any potential class members are entitled to relief under the TCPA.**

154.    Plaintiff and Internal DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER: Paragraph 154 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff or any potential class members are entitled to relief under the TCPA.**

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the External DNC Class)**

155.    Plaintiff and the proposed External DNC Class incorporate the foregoing allegations as if fully set forth herein.

**ANSWER: Defendant Post University incorporates its above responses to paragraphs 1-154 of the Complaint as though fully set forth herein.**

156.    Defendant placed numerous calls for telemarketing purposes to Plaintiff's and External DNC Class Members' telephone numbers.

**ANSWER: Defendant Post University denies the allegations in Paragraph 156.**

157.    Plaintiff's and External DNC Class Members' telephone numbers were all on the national "do not call" list at the time of the calls.

**ANSWER: Defendant Post University denies the allegations in Paragraph 157.**

158.    Defendant did not have an established business relationship with Plaintiff or External DNC Class Members prior to making at least two telemarketing calls in a 12-month period.

**ANSWER: Defendant Post University denies the allegations in Paragraph 158.**

159.    Defendant placed two or more telephone calls to Plaintiff and External Class Members in a 12-month period.

**ANSWER: Defendant Post University denies the allegations in Paragraph 159.**

160.    Plaintiff and External DNC Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's internal DNC list violations.

**ANSWER: Paragraph 160 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff or any potential class members are entitled to relief under the TCPA.**

161.    Plaintiff and External DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's internal DNC list violations.

**ANSWER: Paragraph 161 contains a conclusory statement to which no response is required.  To the extent a response is required, Defendant Post University denies that it has violated the TCPA and denies that Plaintiff or any potential class members are entitled to relief under the TCPA.**

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Davis, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff Davis as the representative of the Classes and appointing her counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § (c);

C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.    An award of statutory damages for each violation of 227(c) and the regulations promulgated thereunder;

E.    An award of treble damages;

F.    An award of reasonable attorneys' fees and costs; and

G.    Such other and further relief that the Court deems reasonable and just.

**ANSWER: Defendant Post University denies that Plaintiff is entitled to any of the relief requested.  Defendant further denies that class certification is appropriate in this case.**

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**ANSWER: Defendant Post University denies that Plaintiff is entitled to any of the relief requested.  Defendant further denies that class certification is appropriate in this case.**

### AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the claim included in the Complaint, Defendant Post University sets forth the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant Post University are barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which Post University cannot be vicariously liable.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on her behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject the Post University to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Post University.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred because Plaintiff did not unambiguously revoke her authorization to be called by Post University or follow reasonable procedures for doing so.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff provided Post University her prior express written consent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged calls and text messages at issue are excepted from, do not fall within the purview of, and/or were not subject to the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## NINTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met, including, but not limited to, that individual issues predominate over issues common to the putative class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## TENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

Having responded to the allegations of Plaintiff's Complaint as set forth above, Post University denies that Plaintiff is entitled to any relief sought, and requests that the Court (1) order that Plaintiff take nothing by the Complaint and dismiss the Complaint with prejudice; (2) enter judgment in Post University's favor; (3) award Post University its costs of suit and attorneys' fees; and (4) award Post University any other relief as the Court deems just and proper.

Dated: January 11, 2019                     Respectfully submitted,

By: */s/ Mary Joanne Dowd*
Mary Joanne Dowd, # 368970
Adam Bowser, (admitted *pro hac vice*)
Brandi G. Howard, (admitted *pro hac vice*)
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20006-5344
(202) 857-6000 (telephone)
(202) 857-6395 (facsimile)
mary.dowd@arentfox.com
adam.bowser@arentfox.com
brandi.howard@arentfox.com

*Attorneys for Post University, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 11, 2019, the foregoing was filed electronically with the Clerk of Court to be served by Notice of Electronic Filing from the Court's electronic filing system upon the following:

Bradford R. Sohn
THE BRAD SOHN LAW FIRM PLLC
2600 South Douglas Rd., Suite 1007
Coral Gables, Florida 33134
Tel: (786) 708-9750
Fax: (305) 397-0650
brad@sohn.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737
Fax: (732) 709-5150
jmg@glapionlaw.com
*Attorneys for Plaintiff*

                    /s/ *Mary Joanne Dowd*
                     Mary Joanne Dowd