**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

MELANIE DAVIS, et al.,          )
                                  )
        Plaintiffs,          )
                                  )
v.                               )   Case No. 18-cv-81004-RLR-BER
                                  )
POST UNIVERSITY, INC.,     )
                                  )
        Defendant.       )

THIS CAUSE is before the Court on the parties' Joint Motion for Entry of Agreed Confidentiality Order.  DE 37.  The parties, through counsel, jointly request the entry of a confidentiality order to protect the exchange of discovery involving confidential and non-public information, including confidential identifying information of non-party individuals.

Accordingly, it is hereby ORDERED that:

1.    **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, any documents produced in response to any discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or rule or order of any state or federal agency; (b) information that contains and/or reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; and/or information about

1

business contracts,; (d) medical information concerning any individual; (e) personally identifiable information (including, without limitation, social security numbers, addresses, telephone numbers and any information protected under the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g ("FERPA") and comparable state laws) and/or financial information about any party, any employee of any party, or any third party or putative class member, including without limitation information about any individual's banking or lending relationship, credit history, and/or assets and liabilities; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) any other categories of information or documents that the parties agree should be designated as Confidential Information. Information or documents that are available to the public may not be designated as Confidential Information.

3.   **Designation**.

(a)   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" shall also be so marked,

except that indices, electronic databases or lists of documents that do not contain portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. Any Confidential Information not reduced to documentary, tangible or physical form or which cannot conveniently be designated, including, but not limited to, data contained in any electronic form, shall be designated confidential by informing the receiving party in writing that the information is confidential. If any party produces Confidential Information stored electronically, including, but not limited to, production of magnetic diskettes or downloaded or uploaded files transferred by any method, then all of that information retains its Confidential nature regardless of whether the information is manipulated or converted to any other media, including, but not limited to, the creation of print-outs or other hard copies and conversions or manipulation of data for whatever purpose, including, but not limited to, for processing by any other computer hardware or software. The producing party should make a good faith effort to label such media as "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER," but must not alter the document's native integrity in doing so.

      **(b)**    It is the intent of the parties and the Court that documents will not be designated as Confidential Information for tactical reasons and that nothing shall be designated without good cause. The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that good cause exists to believe that the document contains Confidential Information as defined in this Order.

     **4.**    **<u>Depositions</u>**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration the thirtieth day after the transcript is delivered to any party or the witness (or such other

time period as the parties may agree upon or the Court may permit). Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.     **Protection of Confidential Material**.

(a)     **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In this litigation, Confidential Information designated by one party may be disclosed only to the other named party, and not to any other member of the putative class(es) unless and until a class including the putative member has been certified.

(b)     **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     **Counsel**. Counsel of record for the parties in the litigation and employees of such counsel who have responsibility for the action.

(2)     **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

4

(3) **The Court and its personnel**.

(4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions.

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents; preparing demonstrative exhibits or other exhibits for deposition, trial, or other court proceedings in this action; or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(6) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the prosecution or defense of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation).

(9)     **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.     **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with LR 5.4.

8.     **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

6

requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

       **9.**    <u>**Challenges by a Party to Designation as Confidential Information**</u>. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

       **(a)**    **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days (or such other time as the parties may agree upon in writing or the Court may permit). Within three (3) business days of this response, the challenging Party must, in writing, either accept the explanation(s) and designation(s) provided by the designating party on some or all of the challenged designations, or declare that an impasse has been reached on some or all of the challenged designations.

       **(b)**    **Judicial Intervention**. If the Parties, after a reasonable effort pursuant to this Section, are unable to resolve a dispute regarding the designation of Confidential Information, the designating Party may, within seven (7) business days of a declared impasse, file and serve a motion that identifies the designated material at issue and sets forth in detail the basis for the designation, or request a hearing with the magistrate judge. Each such motion must be accompanied by an affirmation that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on

the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. Failure to seek judicial intervention as described in this paragraph within the seven (7) business day period shall constitute a waiver of the designation for the duration of the case.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion or other procedure designated by the Court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present (or anticipates that it may present) Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention at the commencement of the hearing or by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may make such orders as are necessary to govern the use of such documents or information at trial or hearing.

12. **Inadvertent Disclosure of Confidential Information**. If a party or any of its representatives, including but not limited to its counsel, outside consultants, and/or experts, inadvertently discloses any information or documents designated as Confidential Information pursuant to this Order to persons who are not authorized to use or possess the Confidential Information, the party shall provide immediate written notice of the disclosure to the party whose Confidential Information was inadvertently disclosed. Similarly, in the event a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to

8

use or possess Confidential Information pursuant to this Order, regardless of how the Confidential Information was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose Confidential Information is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

13.      **Party's Use of Own Confidential Materials**. This Order has no effect upon, and shall not apply to, a producing party's use of its own Confidential Information for any purpose. However, to the extent a party treats its own Confidential Information in this litigation in a manner that is inconsistent with the non-producing party's obligations regarding such materials under this Order (for example, filing such materials as part of a publicly-available document, not under seal), the non-producing party will be relieved of those obligations in this litigation with respect to that Confidential Information to the same extent as the producing party's treatment of the Confidential Information in this litigation conflicts with the non-producing party's obligations.

14.      **Inadvertent Disclosure of Privileged Documents**. Inadvertent production or disclosure of documents or discovery material otherwise subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection shall not automatically constitute a waiver of any applicable privilege, protection or immunity. Upon notification that a document or other discovery material has been inadvertently produced and that a claim of any applicable privilege will be made with regard to such document or other discovery material, the party receiving such notice shall segregate such materials and advise the producing party if they dispute the claim of inadvertence or assert waiver. If the receiving party does not challenge the claim of inadvertence or assert waiver, the receiving party shall promptly either destroy or return the inadvertently produced materials. If the parties cannot resolve the dispute, the matter shall be

presented to the Court for consideration and *in camera* review of such materials. If the Court determines the privilege has not been waived, the material shall be either returned or destroyed, and the inadvertent production of any document or discovery shall not be deemed to be a waiver of the claim of privilege or protection against disclosure. Notwithstanding the foregoing, nothing in this Paragraph shall prevent a receiving party from challenging the producing party's designation of the document or discovery as subject to attorney-client privilege, attorney work product, and/or any other applicable privilege or protection, or to assert that the privilege or protection has been waived based upon the circumstances. The receiving party may retain copies of the document for the purpose of challenging the producing party's designation of the document or discovery as subject to attorney-client privilege, attorney work product, and/or any other applicable privilege or protection.

15. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a)      If a receiving party is served with a subpoena or an order issued in other litigation or an action that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, within a reasonable time before the date for compliance with the subpoena or order so that the designating party may take appropriate action to preserve the confidential nature of the documents. Such notification must include a copy of the subpoena or court order.

(b)      The receiving party also must, in writing, inform the party who caused the subpoena or order to issue in the other litigation or action that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver

a copy of this Order promptly to the party in the other litigation or action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

16.     **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17.     **Obligations on Conclusion of Litigation**.

(a)     **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation**. Within sixty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall destroy all Confidential Information, including all deposition testimony and documents marked "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" under this Order, including copies as defined in ¶ 3(a), and certify the fact of destruction.

**(c)**     **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**(d)**     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**(e)**     **Jurisdiction**. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

18.     <u>**Application to All Documents Designated as Confidential Information**</u>. The parties agree that the provisions of this Order shall apply to all documents and other discovery materials produced in this Litigation and designated as "Confidential Information" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER," without regard to whether the production or designation occurred prior to or after entry of this Order. However, all documents produced prior to the entry of this order must be designated within seven (7) business days of the entry of the Order in order to qualify for the protection described herein.

19.     <u>**Order Subject to Modification**</u>. The parties understand and agree that any and all Confidential Information to be produced in this case will be produced in reliance upon and as a result of the protections provided for in this Order. This Order may be modified by the Court on

its own initiative or on motion of a party or any other person with standing concerning the subject matter. Any such modification, however, shall be prospective in application only, and shall not affect the treatment and protection of any Confidential Information produced before modification. Any Confidential Information produced before the modification of this Order shall continue to be subject to provisions of the unmodified Order, including all provisions concerning the protection of such Confidential Information and the procedures for challenging the designation of Confidential Information.

20.     **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.     **Defendant Fee/Cost Waiver**. Defendant recognizes that, given the nature of this case, the benefits of this Order primarily accrue to Defendant. Accordingly, Defendant agrees to waive any claim to costs or fees associated with making any designations or following any of the procedures outlined under this agreement, unless Plaintiff's related conduct is determined by the Court to have been in bad faith.

22.     **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 31st day of January 2019.

_____
BRUCE REINHART
United States Magistrate Judge

AGREED TO BY:

/s/ Mary Joanne Dowd
Mary Joanne Dowd, # 368970
Adam Bowser, (admitted pro hac vice)
Brandi G. Howard, (admitted pro hac vice)
**ARENT FOX LLP**
1717 K Street, N.W.
Washington, DC 20006-5344
(202) 857-6000 (telephone)
(202) 857-6395 (facsimile)
mary.dowd@arentfox.com
adam.bowser@arentfox.com
brandi.howard@arentfox.com

*Attorneys for Post University, Inc.*

/s/ Bradford R. Sohn
Bradford R. Sohn
THE BRAD SOHN LAW FIRM PLLC
2600 South Douglas Rd., Suite 1007
Coral Gables, Florida 33134
Tel: (786) 708-9750
Fax: (305) 397-0650
brad@sohn.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737
Fax: (732) 709-5150
jmg@glapionlaw.com

*Attorneys for Plaintiff*

**ATTACHMENT A**

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

MELANIE DAVIS, et al.,                       )
                                             )
       Plaintiffs,                          )
                                             )
v.                                           )       Case No. 18-cv-81004-RLR-BER
                                             )
POST UNIVERSITY, INC.,                       )
                                             )
       Defendant.                           )

The undersigned hereby acknowledges that he/she has read the Confidentiality Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Florida in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____