UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-81004-Civ-Altman/Brannon

MELANIE DAVIS,

    Plaintiff,

vs.

POST UNIVERSITY, INC.,

    Defendant.

_____/

## ORDER SETTING DISCOVERY PROCEDURE

THIS CAUSE is before the Court upon an Order referring all pretrial discovery matters [DE 50].  To ensure an expeditious and just discovery process, the Court ORDERS as follows:

1. **Pre-hearing Communication:**  If a discovery dispute arises, the parties must confer either in person or via telephone in a genuine effort to resolve their discovery disputes before seeking Court intervention.

2. **Discovery Calendar:**  If, after conferring, the parties cannot resolve their discovery dispute, the movant must seek relief within 14 days after the grounds for relief occur by contacting the undersigned's Chambers (561-803-3470) and placing the matter on the next available discovery calendar.  Discovery hearings are generally held on Thursdays between 1:00 p.m. and 4:00 p.m.  The movant shall contact Chambers to set the matter for hearing, and shall do so only after conferring with opposing counsel and confirming his or her availability for the discovery calendar.  The Court will thereafter enter a paperless order setting the matter for hearing.

3. **Discovery Memorandum:** On the same day the movant calls Chambers to set a discovery hearing, the movant shall email the Court (brannon@flsd.uscourts.gov) and opposing counsel a concise discovery memorandum of three pages or less (1) specifying the substance of the discovery matter to be heard (e.g., "The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9," or "The parties dispute the number of depositions permitted."); (2) certifying that the parties have complied with the pre-hearing communication requirement set forth above; and (3) attaching a copy of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers). A response is not required. If an opposing party wishes to respond, however, that party may do so provided that the response is three pages or less and is submitted to the Court (brannon@flsd.uscourts.gov) within 24 hours of receiving the movant's discovery memorandum.

4. **Written Motions:** No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by the Court; however, written motions are required for discovery disputes involving non-parties.

5. **Objections:** If the parties file objections to the Court's discovery rulings, they shall file the discovery memoranda identified above and any accompanying exhibits as an attachment to their objections.

6. **Resolution of Issues Prior to Hearing:** Even after a hearing has been set, the parties are encouraged to continue negotiating a resolution of disputed discovery matters. If those efforts are wholly successful, then counsel should contact Chambers as soon as possible to timely cancel the hearing. If the parties resolve some, but not all, of their issues before the

hearing, counsel should also timely contact Chambers to avoid the unnecessary expenditure of judicial resources on matters no longer in dispute.

7. **Appearances by Newer Attorneys:** The Court is mindful that newer attorneys generally have less speaking opportunities in court than their more experienced colleagues. The Court strongly encourages the participation of attorneys with five years or less experience in all court proceedings, such as discovery hearings, especially where the attorney has been significantly involved in the litigation.

The Court expects all parties to act courteously and professionally in the resolution of discovery disputes. The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of April, 2019.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE