UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81004-CIV-ALTMAN/Brannon

**MELANIE DAVIS,**

    Plaintiff,

v.

**POST UNIVERSITY, INC.,**

    Defendant.

_____/

**AMENDED SCHEDULING ORDER
SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION,
AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Amend the Scheduling Order [ECF No. 63]. Because the parties have supplied the requisite good cause to amend the Scheduling Order, the Motion is **GRANTED in part** and **DENIED in part**. The Scheduling Order [ECF No. 50] is amended as follows:[1]

This case is set for trial during the Court's two-week trial calendar beginning on **November 25, 2019**. Counsel for all parties shall also appear at a calendar call at **1:45 p.m. on November 19, 2019**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 207A at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The parties shall adhere to the following schedule:

    **June 21, 2019**.  The parties must have completed mediation and filed a mediation report.

    **July 12, 2019.** The Plaintiff shall file her motion for class certification. The Defendant shall file its response in opposition within **fourteen (14) days** of being served with the motion. The Plaintiff will then have **seven (7) days** to file her reply.

---

[1] The original Scheduling Order shall remain in place to the extent not addressed in this Amended Scheduling Order.

**August 2, 2019**.  The parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motions. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**August 19, 2019**.  The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**Jury Instructions and Verdict Form**.  Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. The parties shall submit, in Word format via e-mail to altman@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the calendar call. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**.  Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are hereby referred to Magistrate Judge Dave L. Brannon. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Brannon. **The deadline for submitting a consent is August 2, 2019**.

**Good Faith Conferral**.  For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval.  *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice.  *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**.  **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge.** Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall **not** file written motions. Rather, the "moving party" shall follow Magistrate Judge Brannon's standard discovery procedures, which may include electronic submission of documents to Brannon@sdfl.uscourts.gov. Should the parties have any questions regarding the resolution of discovery issues, counsel should contact the chambers of Magistrate Judge Brannon at (561) 803-3470.

**Trial Exhibits**.  All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Voir Dire Questions**.  The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to altman@flsd.uscourts.gov. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Settlement Notification**.  If this matter is settled, counsel are directed to inform the Court promptly via telephone (954-769-5680) and/or e-mail (altman@flsd.uscourts.gov).

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of June, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record