**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-81004-CIV-Altman/Brannon**

**MELANIE DAVIS**, on behalf of herself and all
others similarly situated**,**

        **Plaintiff,**

  **v.**

**POST UNIVERSITY, INC.,**

        **Defendant.**

**DEFENDANT POST UNIVERSITY, INC.'S**
**MOTION TO STRIKE DECLARATION OF ANYA VERKHOVSKAYA**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant, Post University ("Post" or the "University"), moves the Court to enter an Order striking the Declaration of Anya Verkhovskaya, filed on July 5, 2019 (the "Verkhovskaya Declaration") (ECF 68-28), in support of Plaintiff's Motion for Class Certification, on the ground that it is an untimely and improper attempt to offer expert testimony more than two months after the deadline for discovery—including expert discovery—has passed, and in violation of the Court's Amended Scheduling Order, filed on April 30, 2019 (the "Scheduling Order") (ECF 50), and the Federal Rules of Civil Procedure.

**ARGUMENT**

Plaintiff's belated attempts to offer Verkhovskaya as an expert in support of her Motion for Class Certification violates the Court's Scheduling Order and the Federal Rules of Civil Procedure, lacks justification, and significantly prejudices Post, who is now forced to oppose Verkhovskaya's expert opinions without having had the opportunity to examine her theories or

depose her, four months before trial is set to begin on November 25, 2019. The Verkhovskaya

Declaration is untimely and improper, and should be stricken.

**A.      The Verkhovskaya Declaration Violates The Court's Scheduling Order And The Federal Rules Of Civil Procedure**

Both fact discovery and expert discovery in this case are long over, and the case is set for

trial in four months. (ECF 64.) The deadline for all discovery, including expert discovery, was

May 10, 2019. (ECF 50.) Further, the parties have already completed mediation and the deadline

for all pre-trial motions, including *Daubert* motions, is in one week. (ECF 64.) Plaintiff failed to

list Verkhovskaya as an expert, serve an expert report from her, or make her available for a

deposition within the applicable deadlines, thereby precluding the University from properly

examining and rebutting her theories in accordance with Court-ordered and federally-mandated

procedures in this case. Consequently, the Verkhovskaya's Declaration should be stricken and

disregarded.

Federal Rule of Civil Procedure 26(a) "imposes specific disclosure requirements upon

any witness who is retained or specially employed to provide expert testimony in the case or

whose duties as an employee of the party regularly involve giving expert testimony." *Prieto ex

rel. Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004) (internal quotations omitted). For

example, the party retaining the expert witness must disclose the identity of the witness and,

unless otherwise stipulated or ordered by the Court, a written report prepared and signed by the

witness containing certain information relating to the witness's opinions. Fed. R. Civ. P.

26(a)(2)(B). These disclosures must be made "at the times and in the sequence that the court

orders." Fed. R. Civ. P. 26(a)(2)(D).

Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness

as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff's late disclosure of Verkhovskaya as an expert witness and the Verkhovskaya Declaration violate the Court's Scheduling Order and the Federal Rules of Civil Procedure, undermining the goals of fair and expeditious pre-trial practice in this case. Plaintiff has not even requested leave from the Court to use Verkhovskaya as an expert witness or to submit testimony from her. Nor has Plaintiff made any attempt to justify its late disclosure of Verkhovskaya's opinions, which significantly prejudices Post. In light of such violations and failures, the Verkhovskaya Declaration should be stricken.

**B.    Plaintiff's Delay Is Not Substantially Justified**

Plaintiff has set forth no justification for the late disclosure of Verkhovskaya, and none exists. In determining whether a failure to sufficiently disclose an expert witness is substantially justified or harmless, courts consider the following factors: "(1) the importance of the testimony, (2) the reasons for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify." *Shire Dev. LLC v. Watson Pharm., Inc.*, 932 F. Supp. 2d 1349, 1357 (S.D. Fla. 2013). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Id.* (excluding expert witness and striking his declaration because plaintiffs did not meet their burden to show that the late disclosure of the expert was substantially justified or harmless).

These factors favor the University. There is no justification for Plaintiff's belated disclosure of Verkhovskaya, as evidenced by Plaintiff's failure to indicate a reason. As a result of Plaintiff's improper submission and as is further explained below, the University is prejudiced

in responding to the important Motion for Class Certification and generally relating to the case and trial timeline.

## C.    Post is Prejudiced

The Verkhovskaya Declaration significantly prejudices Post. First, Post has not had an opportunity to depose or take discovery from Verkhovskaya regarding the opinions she provides in support of Plaintiff's Motion for Class Certification and, as a result, is handicapped in responding to them and opposing this motion. Second, since Post did not know Plaintiff planned to offer Verkhovskaya as an expert, it could not timely retain or disclose a rebuttal expert. Third, allowing Verkhovskaya to provide expert opinions in this case would require a re-opening of discovery regarding Verkhovskaya's opinions, which would inevitably delay the upcoming trial in this case. *See Roberta L. Marcus, Inc., v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, *2 (S.D. Fla. Sept. 5, 2013) ("discovery in this case is closed; it is too late for the Defendants to depose [the plaintiff's expert], and the is proceeding to trial in the near future. It is evident that the Defendants will be prejudiced if the Plaintiff is permitted to spring this witness into the case a[t] the last minute").[1]

## CONCLUSION

The Court should grant Post's Motion to Strike Verkhovskaya's Declaration in its entirety.

---

[1] It is worth noting that Verkhovskaya's expert opinions have been excluded before in connection with a motion for class certification. *See Southwell v. Mortg. Inv'rs Corp. of Ohio*, No. C13-1289 MJP, 2014 WL 3956699, at *4–5 (W.D. Wash. Aug. 12, 2014) (finding that Plaintiffs' proof of numerosity based on a submission by Anya Verkhovskaya fails and, thus, the motion for class certification fails). Likewise, and with the benefit of proper discovery, Post would rebut Verkhovskaya's opinions in this case.

Dated: July 26, 2019                    Respectfully submitted,

                                        By: */s/ Mary Joanne Dowd*
                                        Mary Joanne Dowd, # 368970
                                        Adam Bowser, (admitted pro hac vice)
                                        Brandi G. Howard, (admitted pro hac vice)
                                        **ARENT FOX LLP**
                                        1717 K Street, N.W.
                                        Washington, DC 20006-5344
                                        (202) 857-6000 (telephone)
                                        (202) 857-6395 (facsimile)
                                        mary.dowd@arentfox.com
                                        adam.bowser@arentfox.com
                                        brandi.howard@arentfox.com

                                        *Attorneys for Post University, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2019, the foregoing was filed electronically with the Clerk of Court to be served by Notice of Electronic Filing from the Court's electronic filing system upon the following:

Bradford R. Sohn
THE BRAD SOHN LAW FIRM PLLC
2600 South Douglas Rd., Suite 1007
Coral Gables, Florida 33134
Tel: (786) 708-9750
Fax: (305) 397-0650
brad@sohn.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: (732) 455-9737
Fax: (732) 709-5150
jmg@glapionlaw.com
*Attorneys for Plaintiff*

/s/ *Mary Joanne Dowd*
 Mary Joanne Dowd