**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-81004-CIV-ALTMAN/Brannon**

**MELANIE DAVIS,**
*on behalf of herself and others similarly situated*,

    Plaintiffs,

v.

**POST UNIVERSITY, INC.,**

    Defendant.
_____/

**ORDER**

    **THIS MATTER** comes before the Court on the Plaintiff's Motion to Stay (the "Motion") [ECF No. 99], filed on October 16, 2019. The Defendant filed its Response (the "Response") [ECF No. 101] on October 25, 2019. And the matter ripened on October 26, 2019, when the Plaintiff filed her Reply (the "Reply) [ECF No. 102].

    In her Motion, the Plaintiff asks the Court to stay this case pending the Eleventh Circuit's forthcoming decision in *Cordoba v. DirecTV*, which was argued in May of 2019. *See generally* Mot. The Plaintiff suggests that the *Cordoba* decision may well resolve the standing issues in this case. *See* Mot. at 1. Specifically, the Plaintiff points out that, in its Motion to Dismiss, the Defendant argued that its "alleged lack of a written [do-not-call policy] could not have conceivably harmed Plaintiff *until after* she made . . . a [do-not-call] request." *See* Motion to Dismiss [ECF No. 70-1] at 15. And, indeed, one of the issues the parties briefed and argued in *Cordoba* is whether "a recipient of a telemarketing call who did not request to be placed on the caller's internal [do-not-call] list has standing under Article III to maintain a claim that the caller failed to institute appropriate internal [do-not-call] list procedures." *Cordoba* Appellant's Brief [ECF No. 99-1] at

1. As the Plaintiff notes, then, the Eleventh Circuit's resolution of this issue may affect the Court's adjudication of the Defendants' standing arguments in this case. *See* Reply at 2–3.

The Defendant counters that *Cordoba* is inapposite here. *See generally* Resp. Specifically, the Defendant points to the Eleventh Circuit's decision in *Salcedo v. Hanna*—which held that a single unsolicited text message is insufficient to establish TCPA standing, *see* 936 F.3d 1162, 1172 (11th Cir 2019)—and asks this Court to: (i) resolve the question of the Plaintiff's standing "on the current record"; (ii) apply *Salcedo* to the facts of this case; and (iii) find that, due to the facts of this case, *Cordoba* is plainly inapplicable. *See* Resp. at 5–9.[1]

The Court understands why the Defendant would want the Court to apply the more-helpful—at least from the Defendant's vantage—*Salcedo* decision rather than wait for the Eleventh Circuit's impending decision in *Cordoba*. But, as the Defendant concedes, the "inherent discretionary authority of [a] district court to stay litigation pending the outcome of related proceeding[s] in another forum is not questioned." *See CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). For the following three reasons, the Court will avail itself of that "inherent authority" here.

*First*, TCPA standing is a rapidly evolving area of the law—at least in the Eleventh Circuit—and the *Cordoba* decision may decide at least one of the most pressing issues in this case. In fact, the *Salcedo* decision—which the Defendant says this Court is "duty bound" to apply as the controlling law in this Circuit, *see* Resp. at 4—was decided just over two months ago, on August 28, 2019. *See generally Salcedo*, 936 F.3d at 1162. *Cordoba*, for its part, was argued in May of

---

[1] The parties also quibble over the relevance, if any, of the *district court's* decision in *Cordoba*. *See* Response to Motion to Dismiss [ECF No. 71] at 9 (contending that the district court's decision is relevant here); Reply to Response to Motion to Dismiss [ECF No. 74] at 9–10 (arguing that the district court's decision is not relevant here).

2019. *See* Mot. at 1. Both cases address standing under the TCPA—and both, it goes without saying, are relevant to the standing questions at issue here. Indeed, the *Cordoba* decision may prove dispositive of this entire case. After all, as the Plaintiff admits, if the *Cordoba* Court were to hold that, when a claim is based on a defendant's allegedly-insufficient do-not-call policy, a plaintiff must, to establish an injury-in-fact, allege that she had made a formal do-not-call request, then the Plaintiff would lack standing to bring her claim—and the Defendant would be entitled to summary judgment. *See* Reply at 2. If, on the other hand, the *Cordoba* Court were to hold that a formal do-not-call request is not a standing pre-requisite in a case that, as here, is premised on a defendant's allegedly-insufficient do-not-call policy, this case would likely proceed to trial. And, even if *Cordoba*'s holding does not, for one reason or another, prove dispositive here, the Eleventh Circuit's guidance will, at the very least, aid this Court in adjudicating the all-important question of standing.

*Second*, this stay will not prejudice either party. Discovery in this case closed on May 10, 2019. *See* First Amended Scheduling Order [ECF No. 64] at 1. More importantly, the parties have *jointly* requested—and the Court has granted—a continuance of both the trial period and the calendar call until March of next year. *See* Second Amended Scheduling Order [ECF No. 97] at 1. Given that the Eleventh Circuit heard argument in *Cordoba* in May of 2019, it is not unreasonable to suppose that it will hand down its opinion between now and next March.

*Third*, the equities in this case—in particular, the need to promote judicial economy—strongly favor a stay. Indeed, given the impending decision in *Cordoba*, any adjudication of the pending motions for summary judgment will likely need to be re-examined—however *Cordoba* comes out. Take, for example, the two hypotheticals laid out above. If this Court were to find that the Plaintiff here *has established* her TCPA standing—and if, after that ruling, *Cordoba* came out

3

the other way—the Defendant would undoubtedly (and justifiably) move the Court to reconsider its decision, a motion that might come in only after the conclusion of a trial on the merits of this case. On the other hand, if this Court were to conclude that the Plaintiff here lacks standing, the Plaintiff would almost certainly appeal the Court's order entering judgment for the Defendant. And if, in this scenario, *Cordoba* were to suggest that the Plaintiff here *had established* her standing under the TCPA, the Eleventh Circuit would be required to reverse this Court's decision and remand the case—now months or years later—so that the Court and the parties could, as it were, do it all over again. The Court agrees with the Plaintiff that waiting a few months for the Eleventh Circuit's guidance is a small price to pay to avoid this needless parade of horribles.

Accordingly, the Court hereby

**ORDERS and ADJUDGES** as follows:

1. The Plaintiff's Motion to Stay [ECF No. 99] is **GRANTED**.
2. This case is **STAYED**. The Clerk of Court is directed to **CLOSE** this case for administrative purposes only. All pending motions are **DENIED as moot**.
3. The Court will reassess the propriety of this stay on **April 1, 2020**. Thus, if either party wants the Court to lift this stay, that party must file a Motion to Lift Stay by **March 9, 2020**.
4. If *Cordoba* is decided before March 9, 2020, the parties are directed to file with the Court a Notice, to which they shall attach a copy of the Eleventh Circuit's opinion. The Court will, at that time, decide whether supplemental briefing is required.
5. Both parties shall submit intermittent status reports every **thirty (30) days**, beginning on **December 2, 2019**. Either party may move the Court to reopen the case at the appropriate time.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of November 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record